GULF REFINING CO. *v.* EDGAR J. GRAHAM, COMPTROLLER, *et al.*\*

(*Nashville.* December Term, 1927.)

Opinion filed, December 17, 1927.

1. REVENUE.  PRIVILEGE TAX.  OIL AND GAS STATIONS.
CONSTRUCTION OF STATUTE.

Under the Revenue Law levying a privilege tax on oil and gas
filling stations where petroleum products are sold, or offered for
sale, and delivered direct to motor driven vehicles as a fuel for
same, the tax is limited to pumps and tanks used for delivery of
such products sold as fuel.  (Post, p. 266.)

Citing: Acts of 1927, chap. 89.

2. REVENUE.  PRIVILEGE TAX.  LUBRICATING OIL.

While the language of the Revenue Act is not clear, it was not the
intention of the Legislature to include lubricating oil tanks in the
provision of the Act.  (Post, p. 267.)

3. TAX LAWS.  Construction of statute.

The rule is well settled that tax laws are not extended by inference,
and that all doubts in the construction thereof must be resolved
in favor of the taxpayer.  (Post, p. 267.)

Citing: Plow Co. v. Hays, 125 Tenn. (17 Cates), 155.

---

\*Headnotes 1. Licenses, 37 C. J., section 66; 2. Licenses, 37 C. J.,
section 66; Statutes, 36 Cyc., p. 1128; 3. Statutes, 36 Cyc., p. 1189.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
HON. JOHN R. AUST, Judge.

C. C. TRABUE, for complainant.

HORACE OSMENT, County Attorney, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought to recover privilege taxes alleged to have been wrongfully collected under the following provision of the Revenue Act of 1927, being Chapter 89:

"An 'Oil and Gas filling station' *shall each be understood to mean* and include any place within this State where petroleum products, benzol or other substitutes for petroleum products are sold or offered for sale and *delivered direct to motor driven vehicles as a fuel for the same.* Each person, firm or corporation, or association, having operating or maintaining an oil or gas filling station and selling therefrom petroleum products or benzol direct to the consumer, shall pay a privilege in each county based on the number of pumps from which such products are sold, as follows:

"On one pump or tank (or the first pump) per annum $10.

"On each additional pump or tank, per annum $5.

"Provided that only one-half of the above tax shall be collected where the pump or pumps are run in connection with a store where the *ad valorem* tax paid on the stock is on an assessed value of not less than $800, and the store is located at least three miles from the limits of an incorporated town."

(1) Complainant was required to pay this tax not only on the pumps or tanks operated in the delivery of petroleum products sold as a fuel for motor driven vehicles, but also on those pumps or tanks used to deliver lubricating oils incidentally required in the operation of these machines. The Chancellor held that the tax should be limited to the pumps or tanks used for the delivery of the petroleum products sold *as a fuel,* and granted a de-

cree in favor of complainant, from which the State Comptroller has appealed.

While the provision of the Act quoted is not as clear as it might be made, we concur with the Chancellor. *(2)* The limiting words "as a fuel for the same" can be given effect only by adopting this construction and it is the duty of the Court to look to the pertinent statute as a whole and give all parts of it meaning, whenever practicable.

If it was the intention of the Legislature to have lubricating oil pumps included in the estimate of pumps or tanks made the basis of the tax under the Act, then it might readily have said so. *(3)* Of course, the rule is well settled that tax laws are not extended by inference, and that all doubts in construction must be resolved in favor of the taxpayer. This quotation by counsel for appellant from *Plow Company* v. *Hays,* 125 Tenn., 155, is in point.

"It is also a settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close analogy. All questions of doubt arising upon the construction will be resolved against the government and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports."

And these rules of construction have often been applied by this Court.

The decree will be affirmed.