ZAGER *v.* COBB.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

HORACE OSMENT, County Attorney, of Nashville, for appellant.

ELKIN GARFINKLE, of Nashville, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit presents the question of whether or not the appellee, Morris Zager, was operating a "Delicatessen Shop" from May 1, 1947 through May 1, 1950.

Zager paid to the County Court Clerk a privilege tax under protest for the years 1947-48 and 1949 and brought

this suit to recover the taxes thus paid. The County Court Clerk demurred to the bill. The Chancellor overruled the demurrer and, since counsel stated that he did not desire to answer further, gave judgment for the amount of taxes. The County Court Clerk has appealed from this judgment.

Code, Section 1248.47 provides: "Each person engaged in the business of maintaining a delicatessen shop or place shall pay per annum as follows:"

The Legislature of 1947 amended this Code Section by adding: "Any person who advertises his place of business as a delicatessen shop or place shall be liable for the tax imposed by this item."

Obviously the reason for this amendment was to obviate the necessity of the taxing authorities trying to define delicatessen in view of the character of goods that the ordinary modern grocery store carries. When we look at the dictionary definition of delicatessen we must take judicial knowledge of the fact that the average modern up-to-date grocery store carries the various and sundry things as listed by the dictionary constituting those things carried by a delicatessen.

The bill in the instant case, after setting forth the fact of the payment of taxes above referred to, says that the complainant Zager "pays a general merchandise and ad valorem tax, tobacco tax, restaurant tax, beer tax and bakery tax; that he is not engaged in the delicatessen business, does not advertise as such and is not subject to said tax."

The bill also avers that the complainant carries "prepared meats, fine foods, rare and assorted varieties of cheese, relishes, salads and other delicacies.—fruits, vegetables, milk, canned vegetables, canned fruits, coffee, bakery products, shortening, soap, washing powders,

cleaners, beer, soft drinks, cigars and cigarettes, and other items usually carried by grocery stores.'' It is also shown in the bill that in this place of business there is connected therewith a restaurant and a bakery shop. The bill also avers that in 1941, an Assistant Attorney General of the State and the County Attorney inspected his place and advised him that if he would take down certain signs advertising it as a delicatessen, that since he carried the products that the average grocery store carried that then he would not be liable for the delicatessen tax. He avers that in view of this suggestion by the Assistant Attorney General and the County Attorney that these signs were all taken down and that he is not operating a delicatessen but a combination grocery store-restaurant and bakery and that he pays taxes for these things.

The bill also alleges that the tax herein was collected under a distress warrant for him and paid under protest because the County Court Clerk saw in the telephone directory under the classified ads of delicatessens the ad ''Zager, Morris Delicatessen 230—4th Ave. N.'' It is further alleged in the bill by Zager that he did pay the telephone company over a period of years for an advertisement but that he did not authorize the advertisement to be listed under delicatessens and that he had no knowledge that the telephone company had placed his advertisement under the delicatessen heading and that this was done without any authorization from him.

The bill was demurred to—the demurrer stating that the facts as averred in the original bill showed that the complainant was operating a delicatessen shop and was therefore liable for the tax collected by the County Court Clerk.

■■ By the demurrer the appellant (defendant below) confessed the truth of all the properly pleaded facts as set forth in the bill, and relevant inferences of fact deductible from these alleged facts. "The demurrer does not admit any matters of law suggested in the bill, or inferred from the facts stated; nor does it admit the arguments, deductions, inferences, or conclusions, set forth in the bill." Gibson's Suits in Chancery, Section 304, page 246.

The fact that the bill alleges that the complainant did not operate a delicatessen shop or place is clearly a conclusion on the part of the complainant; we must look to the facts as alleged in the bill to see whether or not under the facts as alleged the bill shows that the complainant was operating a delicatessen shop or place. Then if the facts do not show this but if the bill shows that the complainant advertises his place of business as a delicatessen shop or place then the tax was properly collected.

■■ The statute fixing the tax on delicatessens above referred to does not define what a delicatessen shop or place is. It therefore behooves us to adopt or accept the ordinary definition of the delicatessen shop or place—how it is ordinarily used. We must assume that that is what the Legislature meant when they fixed a tax on delicatessen shops. The Webster's Dictionary defines delicatessen as: "Prepared foods, such as cooked meats, preserves, pickles, relishes, etc." Obviously, the facts as alleged in the bill clearly bring it within a delicatessen shop and take it far beyond such a shop.

■ It seems to us that since the Legislature has not defined a delicatessen shop or place that it was the purpose in fixing such a tax on a delicatessen shop to fix

this tax on a shop when run as such with possibly only a restaurant in connection therewith since the act specifies that if a restaurant is operated in connection with a delicatessen shop the restaurant tax must be paid also. The only exception apparently made to this is in the last sentence of the Code Section referred to, wherein it is said that if a restaurant is conducted in conjunction with a delicatessen shop then the owner shall also pay a prescribed fee for restaurants. Thus it would seem that it was not the intention of the Legislature in placing this tax on a delicatessen shop to require the operator of a normal grocery store, wherein delicatessen products are carried along with the dozens or hundreds of other things that are carried, and this operator pays the usual mercantile license and other licenses such as tobacco tax license, restaurant license, etc., that the operator should be made to take out an additional license for a delicatessen shop. In this State "the rule is well settled that tax laws are not extended by inference, and that all doubts in construction must be resolved in favor of the tax payer." *Gulf Refining Co.* v. *Graham,* 156 Tenn. 265, 267, 300 S. W. 564, 565.

We next consider the 1947 amendment to the Act, Advertisement as a Delicatessen Shop. Under the admitted facts, did the appellee, complainant below, advertise his place of business as a delicatessen shop? The admitted facts are that prior to the enactment of the 1947 Legislature and before advice by the Assistant Attorney General and the County Attorney this shop was so advertised but that beginning in 1941 all signs and advertisements of a delicatessen shop were removed and only the advertisement which appeared in the telephone directory under the heading "Delicatessens" was continued. It is admitted that the appellee, complainant

below, did not know or authorize the telephone directory people to advertise his shop as a delicatessen. This was done without his authorization and without his knowledge. It seems to us, this being true, this advertisement in the telephone directory within itself would not bring Zager within this 1947 amendment. The amendment is that: "Any person who advertises his place of business . . ." Therefore clearly under the admitted facts here this person did not advertise his place of business as a delicatessen shop but this was done without his authorization or knowledge. Under such a state of facts Zager should not be liable for this tax.

It results, for the reasons hereinabove stated that the decree of the Chancellor is affirmed.

All concur.