JOHN C. WILLIAMS

*v.*

RUFUS MCELHANEY, TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY, and JIM RAMSEY

(Jimbo Ramsey Litton).

(*Knoxville*, September Term, 1957.)

Opinion filed June 6, 1958.

J. Carl Lambdin, Jefferson City, for appellant.

Earnest R. Taylor, Morristown, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The original bill in this cause was filed by the appellant, Williams, against the appellees seeking a judgment against them on alleged promises made by McElhaney to pay any judgment that Williams would obtain against Ramsey or Litton by reason of the latter's negligence while he, Ramsey or Litton, was in the employ and acting under the scope of his employment for the defendant McElhaney.

The insurance company is made a party defendant primarily for the purpose of having a discovery of what the policy of insurance issued to McElhaney covered. In

other words this was more or less of a fishing expedition to try to find out whether or not the insurance issued to McElhaney by the company covered the facts under which Williams secured a judgment against Litton or Ramsey.

The defendants demurred to the bill. The demurrer of the insurance company contained about eleven grounds while that of McElhaney contained only six grounds. The Chancellor sustained these separate demurrers and dismissed the bill. From this action of the Chancellor the appellant seasonably perfected an appeal to this Court. Briefs have been filed and we now have the matter for determination and disposition.

At the outset we say that the Chancellor must be sustained as to his action as far as the insurance company is concerned. There is no charge in the bill of any breach of duty or breach of contract or what not between the insurance company and the complainant. There is absolutely no privity of contract shown as between the appellant and the insurance company. Therefore as to the insurance company the action of the Chancellor is in all things affirmed.

The questions though as presented by this bill as demurred to, insofar as the appellee McElhaney is concerned, presents an entirely different question. The bill charges that the appellant secured a judgment against Ramsey or Litton in the amount of $2,800 which is unappealed from, unpaid, unstayed and unsatisfied. It is charged that this judgment came about by reason of negligence of Ramsey or Litton in the operation of a truck which belonged to McElhaney and which was being operated by Ramsey or Litton for the use and benefit of Mc-

Elhaney. The charge is that the appellant is a carpenter and was employed by McElhaney at the time that he was injured and was at that time riding on top of some bales of hay on the truck, "driven by a fellow servant Jimbo Ramsey Litton, who drove said truck carelessly under some low hanging light wires, knocking the complainant off of said truck and onto the ground, causing complainant to sustain serious and permanent injuries."

Then it is charged that McElhaney, the appellee herein, or defendant below, took the appellant, complainant below, to the hospital, after he was injured, and told the appellant, Williams, that he McElhaney had ample insurance to cover all claims for damages, hospital bills, etc., by reason of this accident and that if these things were not paid by the insurance company that he, McElhaney, would pay any judgment that Williams the appellant got against Litton or Ramsey, the driver of the truck, for these injuries.

The language of the bill in this particular is:

"if the insurance company did not pay same, he, McElhaney would pay said damages, and complainant being an ignorant man, unversed in the law, legal defences and legal terminolighy (sic) implicitly (sic) relied upon the promises and representations made to him by the said McElhaney, and accepted the same as true, both in substance and in fact."

It is further charged in the bill that McElhaney stated to the appellant, complainant below, that he did not want to be sued or forced to attend court as he was a very busy man having large interests to take care of which occupied all of his time and that he said to complainant:

"You go ahead and sue Jimbo Ramsey and get your judgment against him, and I will see that the insurance company, the Tennessee Farmers Mutual will pay the judgment, and if they do not pay it I will pay it myself."

The complainant, appellant here, alleges that he had a just cause of action against both McElhaney and Ramsey or Litton.

"That his forbearance to sue the said Rufus McElhaney was a concession of a part of his rights, and was a benefit and aid to the said McElhaney, as it relieved him of the trouble of attending Court, and enabled him as he requested (McElhaney) to shift the burden and responsibility to the insurance carrier."

He also alleges that McElhaney admitted his liability for the amount for his damages and repeatedly stated that he would pay the same.

The demurrer insofar as here necessary to note alleges in substance that McElhaney's promise was to answer for the debt and default of another and therefore was unenforceable because it was within the Statute of Frauds: (b) there is no consideration; (c) the Chancery Court is without jurisdiction because it involved unliquidated damages, and (d) that the action is barred by the one year Statute of Limitations.

Of course the demurrer of McElhaney confessed the truth of all properly pleaded facts as set forth in the bill, and relevant inferences of fact deductible from these alleged facts. *Zager v. Cobb*, 192 Tenn. 79, 237 S.W.2d 560. Thus it is deductible from these facts as alleged,

which as far as the suit is at the present time must be taken to be true, we have an allegation of facts as far as McElhaney is concerned wherein he has promised to pay any judgment or the judgment now sued on of $2,800 which was brought about by the negligence of McElhaney's servant while the servant was acting in the course of his employment. It is also deductible from these allegations and proper inferences therefrom that the appellant, plaintiff below, was a carpenter working for McElhaney while the driver of the truck was an ordinary laborer on the farm driving the truck. There are no allegations to show that at the time of this accident the appellant was doing the same type of work as Ramsey or Litton, but was really riding on top of this truck and was injured by the negligence of another servant of McElhaney. It is further alleged, and so far as the demurrer is concerned it is true, that regardless of the factual situation about the connection between these two servants McElhaney agreed for the valuable consideration to pay this judgment and that it was an obligation of his as well as Ramsey's.

The common-law rule is in force in this State to the effect that a master is not responsible to the servant for injuries resulting from negligence of a fellow servant engaged in a common employment where there has been due care in the selection and employment of the fellow servant. This rule was first announced by this Court a hundred years ago in an opinion by Judge Caruthers of *Fox v. Sanford,* 36 Tenn. 36, 67 Am.Dec. 587. This opinion, though, recognizes exceptions to the rule of where the negligent servant might be put in a place where he stood in the position of the master and had a different

duty toward his fellow servant and would have the same duty that the master would owe the servant working directly under him. Under such circumstances if the negligence of the master causes the injury to the servant the doctrine above of the fellow servant rule would not apply and the master would be liable for his negligence to the servant. See 35 Am.Jur., Master and Servant, Sec. 173, 175, 183, 353, 358; *Smith v. Dayton Coal & Iron Co.,* 115 Tenn. 543, 558, 92 S.W. 62, 4 L.R.A.,N.S., 1180.

This common-law rule, above spoken of, recognizes the fact that the question of liability of the master for want of due care in the selection of his servants or for making proper provisions for their safety is not applicable, i. e. for failure in this regard the master is liable. Under such a situation the master would be liable if he fails to warn them of things within his knowledge and if he does not make a proper selection of his servants and provide for the safety of these servants while working with a fellow servant, then under such a situation there might be liability on the master.

For this fellow servant doctrine to apply it is necessary that the servants be engaged in a common employment, that is, work of the same general character or such as to bring them into necessary and frequent contact with each other. It is inferable from the allegations in this bill that the employment of the appellant and complainant Williams was that of a carpenter, while the employment of Ramsey or Litton was that of an ordinary laborer or truck driver on a farm. There is no allegation in the bill that at the time of the accident which brought about these damages that these two servants were engaged in the same general employment but the inference

is clearly that one was a carpenter which is entirely different from that of the other. These are things that might be inferred from the allegations of this bill and in looking at them we should look at them in the most favorable light to the complainant. When we do so it is entirely inferable that the fellow servant rule might not apply because their work was different.

Also we think, in the absence of the contributory negligence of the complainant, that it is perfectly proper for the employer to have made an agreement with the complainant, appellant, to pay any damages that he received by negligence of another fellow servant. Such a rule is clearly not contrary to public policy or any statutory law that has been pointed out to us.

It seems to us that under the allegations of this bill the promise of McElhaney to Williams was direct and clear. When such is the case the Statute of Frauds (Sec. 23-201, T.C.A., Subsection 2) does not apply. This now does not become a promise to answer for the debt or default of another under these allegations but it is for a direct obligation of the person making the promise. Such being true of course the statute does not apply. See *Townsend v. Neuhardt*, 139 Tenn. 695, 203 S.W. 255.

This is a suit in equity on a contract and the contract being alleged to be that McElhaney agreed to pay the amount of whatever judgment Williams got against Ramsey or Litton. Clearly under such a situation there is not a question of unliquidated damages before the court but the damages have already been fixed, they are set at a certain amount. This being true equity would have jurisdiction of the matter.

This is not a suit on a tort where the Statute of Limitations would be one year (Section 28-304, T.C.A.) but it is a suit on a contract where the statute is six years (Section 28-309, T.C.A.). Therefore obviously the action is not barred by the limitation statute.

If there is a question of consideration between the parties for this contract, we think that our latest case of *DeBoad v. Brown,* 188 Tenn. 160, 217 S.W.2d 772, and cases there cited illustrate beyond a peradventure of a doubt that under the allegations of this bill there is sufficient consideration.

After reading and re-reading the bill, the briefs and authorities there cited and others that we have seen in our investigation, we think that as to McElhaney that the Chancellor was wrong and he must therefore be reversed and the suit remanded for an answer and further proceedings not inconsistent with this opinion. The costs of appeal are adjudged against McElhaney. The costs below will await the outcome of the case there on remand.