Edward Robinson, Jr., J.
This is an action seeking to declare certain amendments to the Building Zone Ordinance of the Incorporated Village of Valley Stream ineffective, unconstitutional and void as to the use of the plaintiffs’ property and adjudging that the plaintiffs are entitled to a permit for the erection, maintenance and operation of a gasoline service station.
The grounds upon which the plaintiffs claim the amendments are invalid are as follows: (1) That the defendants-failed to give proper notice of the public hearing on the adoption of the amendment of June 9, 1958; (2) That the defendants failed to personally serve the plaintiffs with certified copies of the amendment of June 9, 1958; (3) That the amendment of August 10, 1954, authorizing the granting of a special permit for a gasoline *1019 service station was unconstitutional in that no standards or safeguards were provided for therein; (4) That the amendment of June 9, 1958 is unconstitutional in that its enactment was solely for the purpose of eliminating gasoline service stations on the two arterial highways of the village; (5) That both amendments of August, 1954 and June, 1958 are unconstitutional in that they are not part of any comprehensive plan in connection with the zoning uses of the village.
From the evidence adduced, it appears that the Village of Valley Stream enacted its Building Zone Ordinance on November 10, 1952, and as a result the village was divided into various use districts. At that time the property owned by the plaintiffs other than the plaintiff Sun Oil Company, was placed in the C-2 district which was designated as “ General Commercial District ”. The “ Schedule of Regulations ” of the said Building Zone Ordinance permitted gasoline service stations in the C-2 district, together with any use designated in a C-l district, which by virtue of said ordinances, was designated as a more restricted district.
Thereafter on the 10th day of May, 1954 the Board of Trustees amended the Building Zone Ordinance by adding a new section 12-A, which provided as follows: “Whenever the Board of Trustees proposes to change the use district classification of any particular parcel of land, the Board of Trustees shall give notice of the proposed change of use district together with a notice of hearing thereon, by mailing postal card notices thereof at least ten days before the date of the said hearing, to the owners of all land lying within a distance of 300 feet from the exterior boundaries of the land involved in such proposed change of use district as the names of said owners appear on the last completed assessment roll of the Village.”
On August 10, 1954 the board amended the ordinance to provide that a gasoline station permit must be obtained from the Board of Trustees as a special use in a C-l district. By virtue of the operation of the provisions of the ordinance, this amendment also applied to the C-2 district.
The plaintiff Sun Oil Company entered into a lease of the premises conditioned upon the obtaining of the special use permit. The application for same was made on May 2, 1958. A hearing was held on May 26, 1958 and the board reserved decision.
On the 9th day of June, 1958 the defendant board further amended the Building Zone Ordinance by repealing and eliminating in a C-l district (and consequently in a C-2 district) the granting of a special permit by the Board of Trustees for gaso *1020 line service stations and by adding to permitted uses in an industrial district, the use of gasoline service stations. At the same meeting wherein the above amendment was adopted, the board denied the application of the plaintiff Sun Oil Company made the 2nd day of May, 1958. By virtue of the last amendment gasoline service stations were limited to industrial districts.
The property which is the subject of this proceeding is located on the southwest corner of Sunrise Highway and Franklin Avenue, being 150 feet on Sunrise Highway and approximately 195 feet on Franklin Avenue. Plaintiff’s application for a special permit included only the front 110 feet of the premises. Sunrise Highway is one of the main arterial roads running east and west and is heavily travelled. Located on the premises is a diner which serves about 500 people daily, and a parking field for such patrons.
Further from the evidence adduced, the court finds that there are presently only four vacant parcels of property in the ‘ ‘ Industrial District ’ ’ on the west side of the village and one parcel of vacant land in the “ Industrial District ” located near the railroad branch.
The existing uses of the property in the area of plaintiffs’ premises are gasoline service stations, new car agencies, a lumber yard used in connection with a business of building wooden fences, a car wash establishment and businesses of like nature.
The first ground of invalidity set forth above, that is, the claim that the failure to serve notice of the proposed amendment of June 9, 1958 on plaintiffs renders such amendment invalid and of no force or effect, is not tenable. Section 12-a required no notice to plaintiffs. The section requires that notice be given to all owners of property ‘1 lying within a distance of 300 feet from the exterior boundaries of the land involved.” The language of the section, by its wording, excludes the owners of property lying within the area of proposed change. There has been no proof that the plaintiffs are the owners of any property except that which is the subject of this proceeding which, of course, is situate within the area of change. Moreover, section 12-a refers to a proposed change of “ the use district classification of any particular parcel of land ”. The court holds that this requirement does not apply to a change of the uses allowed in any given district.
The second ground of invalidity is likewise without merit. The fact that the defendants had not caused a certified copy of the amendment of June 9, 1958 to be served personally upon the plaintiffs did not render the said amendment invalid. *1021 Section 95 of the Village Law does not require personal service of the amendment to validate the same. This section provides that promulgation is complied with by publishing and posting pursuant to the first sentence contained therein. Ten days thereafter the amendment becomes effective. The last sentence merely accelerates the effective date to the day of personal service on any individual.
The third contention that the failure of the amendment adopted August 10, 1954 authorizing a gasoline service station use only upon the granting of a special permit therefor, to provide for standards or safeguards on which to base the granting or denial of the application, renders it unconstitutional, cannot be sustained. (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534, 538.)
In their final contentions, the plaintiffs urge that the action of the Village Board was unreasonable and therefore void; and that both the amendments of August 10, 1954 and June 9, 1958 are unconstitutional in that they are not part of a comprehensive plan in connection with the zoning uses of the village. In support of these contentions they allege that the Village Board deliberately held up its decision upon their application for a special exception until the amendment of June 9, 1958 could be accomplished. They further urge that the adoption of the June 9, 1958 amendment resulted in the prohibition of additional gasoline service stations in the entire village by limiting their locations to industrial districts in which no suitable property was available.
The adoption of the amendment, even if subsequent to the hearing of the application and the granting of the relief sought, would have prevented the use if the amendment were adopted before the actual investment by the petitioner in construction (Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654).
From the evidence, it appears that there are several parcels of property situate in the industrial district which are adaptable to the maintaining of a gasoline service station. Some of these are located on Sunrise Highway, one of the arterial highways running through the Village of Valley Stream. The plaintiffs seem to urge that there must always be provided in any valid zoning ordinance provisions for the extension of the number of gasoline service stations. Such an argument is not sound when one reads section 175 of the Village Law. This section gives the Board of Trustees the power to regulate and restrict the location and use of buildings, structures and land for trade, industry, residence or other purposes. ■
*1022 Conceivably, there will always come a time in every community when all land available for gasoline service stations will be occupied either as such or by another use as beneficial to the owner thereof. Does this mean, then, that higher restricted districts must be downzoned to enable the increase in the number of stations ? Definitely not. The power to restrict must lead at some date to actual prohibition. In any event, there appears ample authority for the act of this board in prohibiting gasoline service stations in the district embracing the plaintiffs’ property.
The Court of Appeals has stated as follows: “ Here we have the State authorizing the local legislative body the Town Board, to enact a zoning ordinance. Zoning is a proper subject for legislative regulation by the Town Board. It is a legislative power residing in the State which may be delegated to the Town Board. In enacting the ordinance the Town Board might have prohibited altogether a gasoline service station in a business district.” (Emphasis supplied.) (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534, 538, supra; see, also, Matter of Suburban Tire & Battery Co. v. Village of Mamaroneck, 304 N, Y. 971.)
The plaintiffs charge that the enactment of the amendments which result in the prohibition of gasoline stations in the C-2 district are not part of- any comprehensive plan of the village. The Village of Valley Stream is predominantly a one-family residential community. Two-family and multi-family uses are allowed near the Gibson Railroad Station, immediately adjoining business districts, in the vicinity of the Valley Stream State Park and near the incinerator. The property bounding the main, arterial highways is zoned for business purposes for the most part. The industrial zoning area is mainly concentrated along the Long Island Railroad branch with the exception of several small areas on Sunrise Highway and Merrick Road.
The right of a municipality to determine zoning for itself is a legislative power, which may not be interfered with by a court unless it is clearly arbitrary, unreasonable, discriminatory or confiscatory. A village máy adopt plans suitable to its own particular location and needs, and these are purely for legislative discretion. (Matter of Fox Meadow Estates v. Culley, 233 App. Div. 250, affd. 261 N. Y. 506.)
A study of the zoning map of the defendant village indicates an orderly arrangement of use districts progressing from the least restrictive zone adjacent to the Long Island Railroad and main highways to the highest restricted area set back from congested arteries. Provisions are also made for some expan *1023 sion in the rear of certain business use districts. Public use areas are also grouped either adjoining business zones or on the fringe of the village’s boundary.
The defendants claim that the amendments to this ordinance now under review were conceived and adopted after considerable study and discussions and are the result of a valid dedication of all the areas in the village to the most appropriate use of the land. Also that the prohibition of gasoline service stations in the C-l and C-2 districts has and is preventing the pre-emption of the land in said areas from its most appropriate uses, retail shops and professional buildings.
The defendant Board of Trustees felt that the ever-increasing number of gasoline service stations was not contemplated in the original ordinance and adopted the succeeding amendments. This is in accordance with proper zoning legislation. ‘1 While stability and regularity are undoubtedly essential to the operation of zoning plans, zoning is by no means static. Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if the public interest demands otherwise.” (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121.)
The burden of showing that the amendments under attack herein are unconstitutional rests on the plaintiffs. In the attempt to sustain this burden, the plaintiffs claim that they have been deprived of the free and proper use of the property by reason of the adoption of said amendments and that the market value of the property has been greatly reduced. The plaintiffs themselves have proved that the diner now operated on the premises accommodates some 500 patrons a day. The fact that a greater return could be realized by the operator of a gasoline service station has no probative value on the issue of the legality of the ordinance. (Matter of Eaton v. Sweeny, 257 N. Y. 176.)
From all of the evidence this court concludes that the actions of the Village Board were a reasonable exercise of the powers granted under the Village Law and were not arbitrary, discriminatory or confiscatory.
Judgment is granted to the defendants dismissing the complaint, with costs.