Harry Schneider et al., Appellees,

*v.*

Alvin J. Lazarov et al., Appellants.

390 S.W.2d 197.

(*Jackson,* April Term, 1965.)

Opinion filed May 7, 1965.

(1)

Feuerstein, Feibelman & Kaminsky, Memphis, Robert W. Pharr, Assistant County Attorney, for appellants, William H. Williams, County Attorney, of counsel.

Harry W. Wellford, McCloy, Wellford & Clark, Memphis, for appellees.

Mr. Justice White delivered the opinion of the Court.

Complainants in this case filed an original and an amended bill in the nature of a Bill for Declaratory Judgment, seeking to have declared void a variation, granted by the Shelby County Board of Adjustment, which allowed certain of the defendants to build a "high-rise" apartment building on a tract of property in Memphis, Shelby County, Tennessee. The complainants, appellees here, further seek to have declared void certain building permits granted to these defendants by the defendant Shelby County Building Commission.

The defendants demurred to the bill, as amended, on the grounds that it did not state a cause of action and that the variation allowed and the permits granted were valid. This demurrer was overruled, but a discretionary appeal to this Court was allowed. T.C.A. sec. 27-305.

We set forth the various steps taken by the appellants to secure a variance and building permit which would enable them to begin construction on the proposed apartment building.

On February 12, 1959, after due notice, a public hearing was held before the Shelby County Board of Adjustment upon application by the appellants for a variance to the present zoning law. The hearing was attended by many of the complainants in the instant case, and other neighboring property owners, twenty-eight persons in all, who were represented by legal counsel and who presented a petition bearing sixty-two names in opposition to granting the petition, as well as five persons from among the group who spoke in opposition to the Board allowing the variation prayed for in the application. After hearing all of the evidence, the Board granted the application, subject to several conditions and provisions set forth in the Board's formal resolution, one of which was obtaining a building permit within six months therefrom, or by August 12, 1959.

Such building permit was not obtained by appellants within the time specified, and, thereafter, on August 13, 1959, according to the bill, the Board, by informal action, without any public notice or hearing whatsoever, and in response to a letter on behalf of appellants, granted an extension of time of one year within which to obtain a building permit, the new termination date to be August 12, 1960.

Thereafter, on March 6, 1960, the Quarterly County Court of Shelby County, Tennessee, and the City Commission of the City of Memphis, acting jointly, adopted a comprehensive zoning plan for the area in Shelby County located within five miles of the Memphis City Limits, which plan included a change in the zoning of the subject property from "agricultural" to "R-1, single family dwelling district".

Next, on July 14, 1960, the Board, by informal action, without public notice, and in response to a letter on behalf of the appellants, granted a second extension of time until March 10, 1961 within which to obtain a building permit. Following, on March 9, 1961, the Board, in like manner, granted the appellants a third extension of time for obtaining a building permit.

Thereafter, on March 9, 1962, the Shelby County Building Department issued Building Permit No. 00713 to Southern Builders of Tennessee for the erection of an apartment building foundation with a valuation of $25,-000.00, to be placed upon the subject property; however, such foundation was never constructed and it appears the plans were abandoned. Complainants allege that the issuance of said permit was improper and unlawful.

Thereafter, the Board, by informal action, without any public notice, and in response to a letter on behalf of the appellants, granted four more yearly extensions of time, the dates of which are as follows: April 12, 1962, February 14, 1963, July 11, 1963, and July 9, 1964.

On September 1, 1964, the Shelby County Building Department issued building permits to erect foundations and a temporary construction office upon the subject property, and on September 4, 1964, said Department

issued a permit to Lazarov Construction Company to erect a ten-story, one hundred and twenty unit apartment building. According to the bill, no construction had been initiated by or at the time of the filing of the bill herein.

Perhaps the most significant date to remember in this case is the following one. On September 8, 1964, the Memphis City Commission annexed the subject property into the limits of the City of Memphis by Ordinance Number 1335. The property involved in this lawsuit is now situated in the City of Memphis and is presently zoned R-1. The City of Memphis has continued the R-1, single family zoning, on this property since its annexation, despite the urgings to re-zone, and the City of Memphis has not granted any permits for construction for apartment purposes on this property.

Appellees allege, in their bill, that they individually and as a class have a real, tangible, substantial and present interest and legal rights which are adverse to those of the appellants. It is appellees' contention that the original variation granted by the Board to appellants expired by its own terms on August 12, 1959, prior to any purported extension without compliance by appellants with the conditions thereof. In addition, appellees state that the property itself was zoned from "agricultural" to "R-1, single family residential" in 1960, after the purported variation had been granted, and, therefore, the said variation even if it had not expired by its own terms and in accordance with the rules of the Shelby County Board of Adjustment, was insufficient and inoperative to allow construction of a "high-rise" apartment, in a zone which permits only single family residential units.

Further, appellees contend that the Board, without notice to adjacent and affected property owners, has no jurisdiction and authority to grant an extension of time of purported variations beyond the limits specified in its rules. And, lastly, appellees declare that appellants must obtain a permit from the City of Memphis to begin construction within the city limits since the property in question has been annexed by the City of Memphis before any construction begins.

Appellants have filed nine assignments of error to the chancellor's opinion, generally supporting the proposition that the complainants should not be allowed to have a rehearing on the merits of a zoning controversy since the Board of Adjustment has already decided that the "high-rise" apartment use of the subject tract is a proper one. The appellants contend that the complainants failed to appeal from the decision of the Board within the allowable time and that the decision of the Board is, therefore, final. They also contend that the Board had the power and authority to grant the original variation and that the building permits which were issued by the Shelby County Building Department are valid and subsisting. The appellants further contend that there is no need to obtain additional permits from the City of Memphis since the county permits are given full faith and credit by the city.

To begin with, it is not our intention to, nor do we, pass upon the merits of this contest. We are concerned only with the sufficiency of the averments in the petition to sustain it as a matter of law and not as a matter of fact. It is well established as a part of the procedural law of this State that demurrers are not looked upon with favor and are sustained only when it clearly appears that

averments and charges upon which the complaint rests are fatally defective in substance.

This Court must take the averments of the bill as true on review of the chancellor's decree overruling the demurrer. It has been repeatedly held that by demurring the defendant confesses the truth of all properly pleaded facts as set forth in the complaint and relevant inferences of fact deductible from such alleged facts. *Zager v. Cobb,* 192 Tenn. 79, 237 S.W.2d 560 (1951); *Williams v. McElhaney,* 203 Tenn. 602, 315 S.W.2d 106 (1958); *Southall v. Billings,* 213 Tenn. 280, 375 S.W.2d 844 (1963).

In assignment of error number one, appellants allege that the trial court erred in overruling the defendants' demurrer because the complainants failed to appeal the decision of the Shelby County Board of Adjustment to the Circuit Court within the time required by the Private Acts of 1935, ch. 625, sec. 8, which established the Board. From our reading of the bill, it does not appear to us that this proceeding is a challenge to the original decision in the granting of the variance by the Board. Appellees' position is that the variance granted by the Board is no longer effectual as the appellants never complied with the terms and conditions of the granting of the original variance. According to the allegations in the bill, appellants were allowed a six month period, or by August 12, 1959, during which time to secure a building permit for the apartments. The bill states on its face that no permit was secured prior to August 13, 1959, and, therefore, the appellees argue that the original variance lapsed, and the Board had no authority or jurisdiction whatever to extend or attempt to extend this variation, or the time within which the permits should be obtained.

Appellants disagree with appellees on this point, for it is stated in appellants' brief that the extension of the variance for securing a building permit was granted within the time specified in the original variation. We have no way of knowing whether the appellants complied with the conditions stated in the Board's resolution. Thus, we think the chancellor was correct in overruling the appellants' demurrer on this point, reserving a final decision until the introduction of proof on the question.

Consolidating assignments two, five, six, and seven, it is the appellants' position that the Board had the power and authority to grant and extend the original variation, and once the variation had been deemed proper by the Board, then the appellants had a property or contract right to complete their plans for the building, as long as they complied with the procedural requirements of the Board. We think this is an incorrect statement of the law.

We think that there are two factors which have changed significantly since the original variation was granted on February 12, 1959. The first is that on March 6, 1960, the land with which we are concerned was re-zoned from "agricultural" to "R-1", or residential. Secondly, on September 8, 1964, four days after a building permit had been granted, the said tract of land was annexed to the City of Memphis and was zoned as residential by the City.

It is generally held that neither the filing of an application for a building permit nor the issuance of a building permit, although valid and issued in conformity with the provisions of the zoning ordinance, alone confers any right in the applicant or permittee against a change in the zoning ordinance which imposes further limitations

upon the use or structure proposed. 2 Rathcopf, The Law of Zoning and Planning sec. 57-2 (1964)

■ As a matter of dicta some courts have stated that the amendment of an ordinance constitutes, *ipso facto,* a revocation of any permit for a use or structure prohibited by the amendment. Where the landowner has done nothing subsequent to obtaining a permit, he is usually held to be bound by any change in the zoning ordinance, even if its effect is to nullify the permit. *Veal v. Liemkeuhler* (Mo.App.) 249 S.W.2d 491 (1952); *Geneva Investment Co. v. City of St. Louis* (C.C.A.Mo.) 87 F.2d 83, cert. denied, 301 U.S. 692, 57 S.Ct. 795, 81 L.Ed. 1348, (1937); *Atlantic Refining Co. v. Village of Sloan,* 14 Misc.2d 1022, 180 N.Y.S.2d 656 (1958); *Cohen v. Incorporated Village of Valley Stream,* 23 Misc.2d 1017, 189 N.Y.S.2d 110 (1959).

■ The general rule is that a building permit has none of the elements of a contract and may be changed or entirely revoked even though based on a valuable consideration, if it becomes necessary to change or revoke it in the exercise of police power. 1 Yokley, Zoning Law and Practice sec. 102 (1953).

■ In the case of *Howe Realty Co. v. City of Nashville,* 176 Tenn. 405, 141 S.W.2d 904 (1940), we held that when the supervisor of buildings of the City of Nashville recalled a permit to build a gasoline service station in a commercial B district in the City of Nashville before any work was done under the authority of the permit, a subsequently enacted ordinance changing the classification of the district to residence C district was binding on the property owner whose permit had been revoked. We held that since no construction had actually been commenced, an amendatory ordinance of the City Council

changing the classification of the district could effectively authorize the supervisor of buildings to recall the permit, and that having changed the classification of the property in question, the permittee had no vested right, not having begun construction nor incurred liabilities or expenses. We feel this is the prevailing rule on the subject.

In the case of *Williams v. Village of Deer Park,* 78 Ohio App. 231, 69 N.E.2d 536 (1946), the plaintiffs' petition alleged that they had purchased the property prior to an annexation by the village of an area in which it was located, and that prior to such annexation they had applied for and received from the County Building Inspector a permit to construct a building to be used for business purposes. However, when the annexation became effective, a village "stopgap" zoning ordinance took effect, and under such ordinance the village marshall ordered the plaintiffs to cease construction of the building.

It appeared there from the pleadings that the permit was issued to the plaintiffs by the county the day before the annexation, and that under the "stopgap" ordinance a building such as the plaintiffs contemplated putting up was forbidden. The court upheld the defendant's motion for a judgment on the pleadings, ruling that the plaintiffs acquired no vested right under the county permit, it appearing that such plaintiffs suffered no financial loss or great injury. The permit of the county constituted no bar to enforcing the village ordinance.

Appellees aver that as of the time of the filing of this bill no construction had been initiated and, therefore, the appellants will suffer no great financial injury. Since the case is before us on demurrer, we must accept this statement as true.

The last assignment of error, which raises a significant question, is that the chancellor erred in overruling defendants' demurrer to the bill and amended bill because the complainants failed to appeal the issuance of a building permit by the Shelby County Building Commissioner within five days as provided by statute.

This assignment concerns the building permit granted to the defendants on September 4, 1964.

To dispose of this assignment it is only necessary to take note that on September 8, 1964 the said tract of land was annexed to the City of Memphis, and was incorporated into the city as an R-1, residential, parcel of land. We think that the annexation of the tract of land into the City of Memphis as residential land would constitute an automatic revocation of any permit for a use or structure prohibited by the new zoning regulations in force for the reasons herein cited.

The action of the chancellor in overruling the demurrer to the bill and the amended bill is accordingly affirmed, and the cause is remanded for further proceedings consistent with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.