Mrs. W. L. Sanders, Administratrix of the Estate of
W. L. Sanders, Deceased, Appellee,

*v.*

Forcum-Lannom, Inc., Appellant.

475 S.W.2d 172

(*Jackson,* April Term, 1971.)

Opinion filed January 3, 1972.

638

MacFARLAND, COLLEY, BLANK & JACK, Columbia, for appellee.

ASHLEY, ASHLEY & LAWRENCE, Dyersburg, for appellant.

MR. JUSTICE CRESON delivered the opinion of the Court.

The instant case involves a discretionary appeal from the Chancery Court of Dyer County. Grooms Herron,

Chancellor, sitting by interchange, overruled appellant's demurrer to the bill and granted a discretionary appeal to this Court.

In this opinion the parties will be referred to as they appeared in the trial court; that is, Mrs. W. L. Sanders, Administratrix of the Estate of W. L. Sanders, deceased, as complainant, and Forcum-Lannom, Inc., as defendant.

In the original bill complainant seeks to have a constructive trust imposed on the proceeds of a life insurance policy paid to defendant as beneficiary under the policy. The policy was issued on the life of W. L. Sanders, the decedent.

Complainant avers that prior to his death W. L. Sanders operated a proprietorship under the name of Sanders Plumbing and Electric Company; that in the operation of the business "W. L. Sanders had from time to time performed work under sub-contract arrangements with the defendant"; that on January 27, 1966, defendant was considering entering into a contract for the construction of certain additions to a hospital in Dyersburg, Tennessee; that at defendant's request, W. L. Sanders applied for and was issued a policy of term life insurance by the Life and Casualty Insurance Company of Tennessee; that the amount of insurance coverage provided under this policy was $100,000.00; that the decedent was the "insured and/or premium payer" under the policy; and that defendant was the beneficiary under the policy.

Complainant further avers that W. L. Sanders died on August 3, 1967; that after the death of W. L. Sanders, complainant, with the permission of the County Court of Maury County, continued to operate the proprietor-

ship for the sole purpose of completing performance of all contracts of the deceased; that the estate of W. L. Sanders did perform the contractual obligation with defendant without "loss or shortage"; that the estate of the decedent "did suffer a substantial loss as a result of the completion of the contract" with defendant; that on December 17, 1968, "a final settlement and disbursal" was made on the contract between defendant and the decedent; that at this time complainant learned of the existence of the life insurance policy; and that the proceeds under the policy had been paid to defendant. Complainant alleges that defendant had no insurable interest other than that of assuring that its contract with deceased was performed without loss and that since defendant suffered no loss under the contract as result of the death of W. L. Sanders, then defendant should hold the proceeds of the policy as trustee for payment to the estate of the decedent.

Defendant demurred to the bill. The grounds of the demurrer are: (1) complainant is not entitled to any legal or equitable interest in the proceeds of the policy since the bill admits that defendant had an insurable interest in life of decedent, that decedent applied for and obtained the life insurance policy naming defendant as beneficiary, and that the insurance company paid the policy benefits to defendant upon the death of the named insured; (2) the bill shows on its face that the insurance policy was a contract to pay defendant a certain sum of money on the insured's death and that it was not a contract of indemnity for loss or an assignment to secure the performance of a contract; and (3) the bill fails to allege any legal or equitable rights or interest of complainant upon which a constructive trust could be impressed upon the proceeds of the policy.

The Chancellor was of the opinion that the demurrer was not well founded. He overruled the demurrer and granted a discretionary appeal to this Court pursuant to T.C.A. sec. 27-305.

The sole question in this case is whether or not the bill is sufficient as a matter of law to sustain an action to impress a constructive trust upon the proceeds of the life insurance policy in question.

In considering the propriety of the Chancellor's order overruling the demurrer we consider only the sufficiency of the averments as a matter of law to support the action. In *Schneider v. Lazarov* (1965) 216 Tenn. 1, 390 S.W.2d 197, we said:

"(1) To begin with, it is not our intention to, nor do we, pass upon the merits of this contest. We are concerned only with the sufficiency of the averments in the petition to sustain it as a matter of law and not as a matter of fact. It is well established as a part of the procedural law of this State that demurrers are not looked upon with favor and are sustained only when it clearly appears that averments and charges upon which the complaint rests are fatally defective in substance.

(2, 3) This Court must take the averments of the bill as true on review of the chancellor's decree overruling the demurrer. It has been repeatedly held that by demurring the defendant confesses the truth of all properly pleaded facts as set forth in the complaint and relevant inferences of fact deductible (sic) from such alleged facts. *Zager v. Cobb*, 192 Tenn. 79, 237 S.W.2d 560 (1951); *Williams v. McElhaney*, 203 Tenn.

602, 315 S.W.2d 106 (1958); *Southall v. Billings*, 213 Tenn. 280, 375 S.W.2d 844 (1963)."

 It is the well established rule in this State that a constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. *Covert v. Nashville, C. & St. L. Railway* (1948) 186 Tenn. 142, 208 S.W.2d 1008, 1 A.L.R.2d 154; *Central Bus Lines v. Hamilton Nat. Bank* (1951) 34 Tenn.App. 480, 239 S.W.2d 583.

It is defendant's contention that the policy of life insurance in question was not to secure the performance of the building contract between decedent and defendant, but that the life insurance policy was merely a policy which was procured by W. L. Sanders naming defendant as beneficiary. From this premise defendant argues that is was not only entitled to performance under the contract, but that it was also entitled to retain the proceeds of the life insurance policy.

In support of its contentions, defendant relies on the case of *Wurzburg v. New York Life Ins. Co.* (1918) 140 Tenn. 59, 203 S.W. 332. The *Wurzburg* case involved a suit by an administrator against the decedent's employer to recover the proceeds of a life insurance policy where the employer was named as the beneficiary under the policy. The insurance policy was what would be termed a "key man" policy with the employer procuring the

policy and paying the premiums. The deceased employee was not indebted to his employer at the time the policy was issued. In *Wurzburg v. New York Life Ins. Co.*, supra, this Court held that the employer was entitled to the proceeds of the policy and had an insurable interest in the life of its employee since "a corporation is often quite dependent upon the service of particular officers for its prosperity." Justice Green noted in this opinion that the Court was not dealing with the situation where a life insurance policy was assigned as security for the performance of an underlying obligation; we further stated that "a policy of life insurance . . . is not now held to be a mere contract of indemnity, but is a contract to pay the beneficiary a certain sum of money in the event of death."

In the case at bar we are confronted with a situation which is indistinguishable from *Wurzburg v. New York Life Ins. Co., supra.* The most that can be said about the original bill is that W. L. Sanders, the insured, obtained a policy of life insurance and made the defendant the beneficiary under the policy. It is admitted in the bill that defendant had an insurable interest in the life of the decedent. After Mr. Sanders died, the insurer paid the sum due under the life insurance contract to defendant. There is no allegation in the original bill that the life insurance was procured in order to indemnify or that the policy was assigned as security for the performance of the building contract.

■ The complainant fails to allege any fraud, abuse of confidence, duress or any other unconscionable conduct that would justify the imposition of a constructive trust on the proceeds of the life insurance policy. In fact, the only conclusion that can be drawn from reading the orig-

inal bill is that defendant held the proceeds, of the life insurance policy in accordance with the rights conferred upon it as the beneficiary under the policy.

The order of the Chancellor overruling defendant's demurrer is reversed and the case is remanded to the trial court for such further proceedings as may be deemed necessary or proper, not inconsistent with this opinion. The costs of this appeal are assessed against the complainant, with costs in the court below to abide the ultimate result of the case.

DYER, CHIEF JUSTICE, HUMPHREYS and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.

MR. JUSTICE HUMPHREYS (concurring).

Since on remand appellee is permitted to amend the original bill to the same extent it could have been amended had the decree of the Chancellor been the decree of this Court, I concur in the results.