Kevin McKENNA and Barbara McKenna, Plaintiffs,

v.

CITY OF MEMPHIS and William Sarden, Defendants.

No. 80–2002.

United States District Court, W. D. Tennessee, W. D.

June 30, 1982.

**416**

Ronald D. Krelstein, Gerber, Gerber & Agee, Memphis, Tenn., for plaintiffs.

Henry L. Klein, Staff Atty., Memphis, Tenn., Clifford D. Pierce Jr., City Atty., Memphis, Tenn., for defendant, City of Memphis.

WELLFORD, District Judge.

Plaintiff, Kevin McKenna, and his wife brought an action seeking damages against defendant Sarden, a fellow police officer at the time of the episode in controversy, and the City of Memphis, then employer of both McKenna and Sarden. Plaintiffs' cause of action against Sarden was based on 42 U.S.C. § 1983 and on common law negligence. Plaintiffs' cause of action against the City of Memphis was based on 42 U.S.C. § 1983 and on *Tenn.Code Ann.* § 29–20–205. McKenna was wounded on or about October 8, 1979, by a shot or shots fired by Sarden while they were chasing a suspect who had abandoned his car in a residential area and fled through back yards of a Memphis neighborhood. Sarden presented no defense and did not appear at the lengthy

**1.** Sarden lacked usual educational qualifications, but was hired under affirmative action considerations after serving a short time as a Memphis Airport Security Guard.

**2.** The Tennessee statutory and common law policy of allowing law enforcement officers to use all reasonable force, including use of firearms, to apprehend fleeing felons where there is no reasonable alternative to effect arrest or capture has been upheld as constitutional by the courts on several occasions. *See Wiley v.*

trial in which plaintiff contended, among other causes of action, *supra*, that his civil rights were violated by the City's hiring, retention and/or training of Sarden as a police officer in view of his alleged questionable qualifications [1] and repeated disciplinary rule infractions over the several years of his employment as a police officer.

### A.

Particularly at issue in the case was the City's policy regarding firing at fleeing felons, and its training of police officers in the implementation of that policy.[2] The City had amended its policy during the months proceeding this unfortunate mishap so as to limit the types of felons who might properly be fired on by police officers and the circumstances under which firing was appropriate. The use of Sarden's weapon under the circumstances involved was not in accordance with Memphis Police Department rules, nor was it proper under the Tennessee law applicable at the time, because no one else at the scene heard any shots fired except those by Sarden in a dark area without a clear view of the fleeing suspect, whose only then known offense or offenses was or were in the nature of misdemeanor(s). Sarden was terminated as a policeman after the episode in question.

The court ordered bifurcation of liability and damage issues so that at trial plaintiffs presented little evidence as to the nature and extent of damages. It was apparent, however, that Mr. McKenna's wounds had permanent effects, at least partially crippling him, and that he had undergone considerable medical treatment and hospitalization.[3]

*Memphis Police Dept.*, 548 F.2d 1247 (6th Cir. 1977), *cert. denied*, 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977); *Beech v. Melancon*, 465 F.2d 425 (6th Cir. 1972), *cert. denied*, 409 U.S. 1114, 93 S.Ct. 927, 34 L.Ed.2d 696; and *Cunningham v. Ellington*, 323 F.Supp. 1072 (W.D.Tenn.1971) (three Judge Court).

**3.** After the verdicts in this case had been rendered, the Court requested the parties to notify the Court by July 15, 1982, if they had an objection to entering a judgment in the amount

Under the standards of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Hays v. Jefferson County, Kentucky*, 668 F.2d 869 (6th Cir. 1982) (*Pet. for cert.* filed June 8, 1982), the Court advised the parties at the outset, and plaintiffs' counsel agree, that the City could not be held liable on the basis of mere respondeat superior principles. Further, if the recent Sixth Circuit case authority of *Hays* were applicable, such indicated that the City might not be held liable for mere simple negligence, but rather, liability would attach only if it acted recklessly or grossly negligent in respect to its acts concerning the hiring, retention and/or training of Officer Sarden, knowing, or at least impliedly, recognizing that the foreseeable consequence would be the violation of other persons' civil rights.[4]

Plaintiffs' counsel argued, however, that an action under 42 U.S.C. § 1983 for simple negligence would lie, citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), but, nevertheless, this case proceeded with plaintiffs presenting evidence and expert testimony to the effect that the City's actions being challenged were grossly negligent and entirely unjustified.[5] The City's proof controverted this contention; some was to the effect that the City was not negligent at all in any respect asserted; other to the effect that its actions, at worst, may only have been negligent but that the City should not be held responsible, as plaintiffs claimed, for an allegedly unforeseen and unexpected consequence such as the wounding of a fellow police officer. It

was uncontroverted that Sarden had fired his weapon on a number of prior occasions; inquiries had been made, and he had been mildly disciplined only once. Most of these instances were found by the City to be a justified use of a weapon, including use in self-defense or where it was appropriate to attempt to apprehend a known felon. Plaintiffs challenged the nature and quality of these inquiries; some of their experts would have found Sarden should not have used his weapon in the prior situations based on Memphis Police Department records made available. It was also uncontroverted that the number of times which Sarden had fired his weapon in the previous five years was grossly in excess of the number of times that the average officer fires his weapon during an entire career. Plaintiffs argued vigorously that Sarden, a black, was an unqualified, untrained "shooter," and that the City of Memphis knew, or should have known, this in retaining him and, thus, should be held liable for putting him in a position to use his police pistol "under color of law" at the time and place involved in this controversy.

The following issues were submitted to the jury after argument:

1. Was the City of Memphis reckless or grossly negligent in failing to require William Sarden to meet its police recruit qualification standards?

2. Was the City of Memphis reckless or grossly negligent in failing to train adequately Sarden, as a recruit, and/or as an inservice officer, as to use of deadly force?

---

of $20,000. No objection was registered and judgment was entered.

**4.** "A persistent failure to discipline or control subordinates in the face of knowledge of their propensity for improper use of force has been held to constitute an official custom or *de facto* policy actionable under § 1983 [footnote omitted]. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976); *Smith v. Ambrogio*, 456 F.Supp. 1130 (D.Conn.1978). Gross negligence has been defined as proceeding in the face of a known danger. *See, e.g., Popow v. City of Margate*, 476 F.Supp. 1237, 1243 (D.N.J.1979)." Court's

*Order*, April 18, 1980, on the City's motion to dismiss.

**5.** Plaintiffs' original complaint asserted only that defendant City had "failed to supervise implementation" of its deadly force policy and should be liable under 42 U.S.C. § 1983. A later amendment in the Pre-Trial Order, March 24, 1982, further charged a "complete failure to train, supervise, control or discipline" Sarden or, alternatively, that deficiencies in this regard were "so reckless or grossly negligent" that "misconduct was almost inevitable or substantially certain to result."

3. Was the City of Memphis reckless or grossly negligent in failing adequately to supervise William Sarden as an officer of the Memphis Police Department?

4. Was the City of Memphis reckless or grossly negligent in failing adequately to discipline Sarden and its officers for misuse of deadly force when it was determined that deadly force was improperly used by its Officers?

Each question was answered in the negative by the jurors.

Thereafter, following further argument and supplemental instructions, over objection of the City of Memphis, the jurors were submitted a verdict form based on standards of simple negligence on the authority of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)[6]. Again, the jury's response was negative to the plaintiffs; their verdict was for the City.

### B.

■ Plaintiffs also asserted in their complaint a direct claim against Sarden based on 42 U.S.C. § 1983 and a pendant state claim charging Sarden with negligence and acting in violation of *Tenn.Code Ann.* § 40–808.[7] The Court considered these issues as to Sarden's negligence on the state claim without the jury on plaintiff's waiver. There was competent, substantial and sufficient evidence presented to find the defendant Sarden negligent in the use of his weapon under all the circumstances; his negligence proximately resulted in plaintiff McKenna's serious injury and his wife's claim for damages arising out of her husband's injury and partial disability. The Court finds and concludes, therefore, that defendant Sarden should be held liable to plaintiffs on the pendant state claim. Sarden was clearly acting within the scope of his employment at the time. (It was indicated at a post-trial hearing that plaintiffs' principal concern in this case was to obtain a judgment against the City as they believed Sarden to be essentially judgment-proof. Plaintiffs had no desire to pursue with further proof extensive damage claims as to defendant Sarden). The jury also returned a verdict on the 42 U.S.C. § 1983 claim for plaintiffs against Sarden.

### C.

■ There is in existence in Tennessee a statute, *Tenn.Code Ann.* § 29–20–201, establishing general immunity of "all governmental entities . . . from suit for any injury which may result from the activities of such governmental entities . . . governmental or proprietary." Any exception from such general immunity must be "in strict compliance with the terms" thereof. The statute then deals in turn with exceptions for negligent operation of a vehicle by an employee while in scope of employment; defective or unsafe street conditions; and dangerous conditions of public buildings or structures.

*Tenn.Code Ann.* § 29–20–205, then, deals with a limited removal of governmental immunity for injury caused by employee negligence. This section removes such general governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment, except if the injury:

---

**6.** Although *Parratt* imposes an exhaustion of state judicial remedies requirement prior to allowance of a § 1983 cause of action based on negligence in federal court, *Parratt* exhaustion does not apply to the instant case for reason that the Tennessee Tort Claims Act limits governmental liability to actual damages of $20,-000, *see, infra.* As plaintiffs had in good faith alleged more than this in actual damages, the Tennessee Act is inadequate to make claimants, as alleged, entirely whole, as required for *Parratt* exhaustion to apply, *id.*, at 544, 101

S.Ct. at 1917; *Logan v. Zimmerman Brush Co.*, —— U.S. ——, ——, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982).

**7.** § 40–808. *Resistance to officer.*—If, after notice of the intention to arrest the defendant, he either flees or forcibly resists, the officer may use all the necessary means to effect the arrest.

This is the Tennessee statute embodying common law principles previously referred to at fn. 2.

(2) Arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or *civil rights ;*"

No other section except that above quoted deals with an injury caused by an employee's negligent act which also result in a civil rights deprivation. Notice of a claim is required under this section and was presumably furnished by plaintiffs since no issue about it was raised by the City of Memphis. The State "circuit courts shall have exclusive jurisdiction over any action brought under this chapter . . . without the intervention of a jury." *Tenn.Code Ann.* § 29–20–307.

Memphis has no liability type of insurance to satisfy the claim involved, nor was there insurance to satisfy any claim against Sarden under these circumstances, but a $20,000 limit of governmental liability for the entire incident would be involved under *Tenn.Code Ann.* § 29–20–403, which is conceded by plaintiffs to be the maximum potential in this case on their pendant claim.

No Tennessee case has been cited construing the difficult and awkward language in *Tenn.Code Ann.* §§ 29–20–205 and 205(2) as it relates to a "civil rights" claim.[8] A reasonable construction of the Tennessee law relied upon by plaintiffs, not defendants, would seem to require exception from any removal of immunity as to any negligent actions arising out of invasion of one's civil rights. The sense of the statute, then, is to deny a party the right to recover against a municipality in state court for negligence of an employee or an omission on the part of an employee solely resulting in deprivation of civil rights.

Plaintiffs' instant assertion, however, against the City is based on the common

law negligence of Officer Sarden for firing his revolver without due regard for the rights of others and for using deadly force contrary to Tennessee statutory law. The federal and state claims are clearly intermingled and interrelated; Sarden's actions in firing his revolver in the manner described violated plaintiffs' civil rights, and yet also constitute negligence resulting in damages without regard to civil or constitutional rights.

The issue is a close one, but the Court concludes that *Tenn.Code Ann.,* § 29–20–205(2) only restores municipal immunity for civil rights claims as such, not those for negligence as a matter of common law. Plaintiff has a claim of at least $20,000 based on the evidence submitted to this Judge. Concededly, it is unusual for a municipality under state law to have liability for one effect of a specific negligent or wrongful act, the firing of a pistol, but to be immune for another effect, the deprivation of civil rights. The Tennessee courts should be the ones to address this problem of immunity, and had defendant timely objected to the Court's hearing and determining the pendant claim under these circumstances, likely this Judge would have declined to assume jurisdiction.

### D.

Having decided with some trepidation the question of the liability under state law of the City for the negligent act of its employee which inflicted injury on plaintiff, McKenna, there remains still other issues. At the conclusion of the case, the City, for the first time, argues, and raises a defense, of the fellow servant doctrine under Tennessee law, which might bar liability being imposed upon the City employer for "injuries resulting from negligence of a fellow servant engaged in common employment where there has been due care in selection

---

**8.** *Potter v. City of Chattanooga,* 556 S.W.2d 543 (Tenn.1977), cited by the City, is not on point because it did not involve a merely negligent civil rights violation by a city employee, but, rather, a false arrest and intentional trespass against plaintiff. The Court did not attempt to construe the civil rights exception.

and employment of the fellow servant." *See Williams v. McElhaney*, 203 Tenn. 602, 315 S.W.2d 106 (1958). The problem with this argument is that it comes too late; defendant never raised this defense in a timely manner.

Next, the City contends it is entitled to a set-off against any recovery for sums already paid for medical expenses and continuing salary and for pension benefits paid to McKenna. No set-off is allowed for salary or pension benefits under all the circumstances. The medical expenses were paid to an employee injured in the line of duty without regard to negligence or liability of others, including fellow employees. Equitably, then, the City should not be allowed to a set-off under these circumstances. *See Patterson v. Norfold & Western Ry. Co.*, 489 F.2d 303 (6th Cir. 1973); *Haughton v. Blackship's, Inc.*, 462 F.2d 788 (5th Cir. 1972).

Judgment against the City of Memphis and defendant Sarden in the amount of $20,000 will accordingly be entered.