**Robert BEECH, Plaintiff-Appellant,**

v.

**D. J. MELANCON and P. J. Gallo, Defendants-Appellees.**

**No. 72–1167.**

United States Court of Appeals, Sixth Circuit.

July 31, 1972.

Drew S. Days, III, Jack Greenberg, New York City, Walter L. Bailey, Jr., of Ratner, Sugarmon & Lucas, Memphis, Tenn., for appellants.

Arthur J. Shea, James M. Manire and Frierson M. Graves, Jr., Memphis, Tenn., for appellees.

Before EDWARDS, McCREE and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the defendants in a civil rights action instituted by the plaintiff claiming damages resulting from having been shot by the defendant police officers while attempting to escape from the scene of a burglary. The plaintiff and one Crenshaw were attempting to rob a safe in a gas station when the defendant police officers stopped their patrol car in front of the gas station. Plaintiff and Crenshaw attempted to make an escape from the scene of the felonious activity.

The District Judge found that they were warned to halt and were informed that the defendants were police officers. When they did not halt the defendants fired, Crenshaw was killed and Beech was wounded.

■ The single issue here presented is whether the trial court was guilty of clear error in concluding that the defendants were justified in the use of deadly force to apprehend the plaintiff. A Tennessee Statute, T.C.A. § 40–808, authorizes a police officer under the circumstances set forth above to " * * * use all the necessary means to effect the arrest." This Statute has been recently construed and found to be constitutional by a Three-Judge District Court. Cunningham v. Ellington, 323 F.Supp. 1072 (W.D.Tenn.1971). In any event the police officers were entitled to assume the constitutionality of the Tennessee Statute. "State statutes like federal ones are entitled to the presumption of constitutionality until their invalidity is judicially declared." Davies Warehouse Company v. Bowles, 321 U.S. 144, 153, 64 S.Ct. 474, 479, 88 L.Ed. 635 (1944), and see also McDonald v. Board of Election, 394 U.S. 802, 808, 809, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); Davis v. Department of Labor, 317 U.S. 249, 257, 63 S.Ct. 225, 87 L.Ed. 246 (1942).

■ On this record the District Judge had evidence to justify his finding that the officers used only the "necessary means to effect the arrest." The plaintiff and his accomplice were engaged in a safe robbery and attempted to escape in the dark of night through weeds and bushes after being warned that police officers were present with guns. We cannot say that the District Judge was guilty of clear error.

The judgment is affirmed.

McCREE, Circuit Judge (concurring).

I agree with the result reached by the court's opinion to the extent that it represents a conclusion that the District Court properly determined that no constitutionally protected right of appellant was violated because the officers employed force reasonably proportionate to the interests sought to be protected. The facts of this case present an example of a situation in which courts should not second-guess police officers who, faced with making split-second decisions, reasonably and in good faith believe that their lives or those of third persons would be endangered if they refrain from employing deadly force to attempt to apprehend fleeing felons whose arrest cannot reasonably be accomplished by less dangerous means. Because I believe that the officers' conduct satisfied constitutional standards in this case, I do not find it necessary to reach the question whether the Tennessee statute under the authority of which the officers acted is constitutional or whether its existence provides a qualified immunity to the officers. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). I prefer to reserve judgment on the question of the constitutionality of such a statute as applied to a situation in which the alleged felon has not committed a crime that poses a threat of death or serious bodily harm to other persons, and has not indicated by his subsequent behavior in avoiding arrest that he will pose -a similar threat to members of the community if he is allowed to escape. For example, I would find it difficult to uphold as constitutional a statute that allowed police offi-

cers to shoot, after an unheeded warning to halt, a fleeing income tax evader, antitrust law violator, selective service delinquent, or other person whose arrest might be sought for the commission of any one of a variety of other felonies of a type not normally involving danger of death or serious bodily harm.