Dora HAYES, Plaintiff-Appellant,

v.

The **MEMPHIS POLICE DEPARTMENT**
et al., Defendants-Appellees.

No. 76–1620.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1976.

Decided March 13, 1978.

G. Philip Arnold, Ratner, Sugarmon, Lucas, Salky & Henderson, Memphis, Tenn., for plaintiff-appellant.

Art J. Shea, Charles V. Holmes, Asst. City Atty., Memphis, Tenn., for defendants-appellees.

Before WEICK, EDWARDS and PECK, Circuit Judges.

ORDER

On receipt and consideration of the record on appeal in this nonjury civil

damages action alleging violation of civil rights under 42 U.S.C. §§ 1981, 1983, 1985, etc. (1970), with jurisdiction founded upon 28 U.S.C. §§ 1331, 1343, etc. (1970), which was tried before a District Judge in the Western District of Tennessee; and

Noting that the District Judge has held that plaintiff-appellant's deceased husband was guilty of a misdemeanor under Tennessee law by having a .22 rifle in his hands while being drunk on a public street at 2:30 a.m. on the day in question; and that the police officer, K. S. Rooker, who shot him to death was justified in doing so as a matter of self-defense; and

Further noting that when the two police officers approached deceased and drew their service revolvers, it is undisputed that deceased was standing in the street with his back to the officers and the rifle pointed toward his feet, and that when the officers called on him to drop the rifle, that without doing so he began to turn toward them; and

Further noting that what is charged here is willful killing, in violation of the due process clause of the United States Constitution, to which charge the commission of a misdemeanor is, of course, no defense; and that the deceased husband was black and that both the officer who killed him and his partner were white and that appellant also claims the killing was racially motivated, in violation of the equal protection clause; and

Further recognizing that the law expects police officers to take reasonable and effective precautions for protection of their own lives and that no law requires them to allow an assailant to fire the first shot, but that in addition, no law permits the automatic use of deadly force solely because a citizen, white or black, is found committing a misdemeanor even as dangerous a one as possession of a rifle on a public street; and

Further noting that the District Judge did not make specific findings of fact on the directly disputed evidence in this record pertaining to whether or not the police officers ever identified themselves as such or whether the deceased ever pointed or began

to raise the .22 rifle toward the two police officers and that the District Judge assumed that there was some unspecified fault with Rooker's actions in this case; and

Further noting that undisputed evidence shows that this is the third person in six years (2 black and 1 white) whom defendant K. S. Rooker has killed in police action, and the fifth person in six years at whom he has fired (4 black and 1 white),

Now, therefore, the judgment of the District Court dismissing this action is vacated and the case is remanded to the District Court for additional findings of fact (based solely upon the present record) as to whether the police officers ever identified themselves as such before Officer Rooker fired, and whether deceased ever aimed the .22 rifle at the police officers or began to raise the muzzle in their direction.

WEICK, Circuit Judge, dissenting.

In my opinion there is no need to remand this case to the District Court limited to additional findings on self-defense. The Memorandum Opinion of the District Judge, consisting of nine pages, finds that the decedent, Albert Hayes, had been drinking to excess with friends in a neighborhood tavern located in a high crime area, from 10:00 p. m. on a Saturday evening until 2:00 a. m. on Sunday morning, when the tavern was about to close, and that Hayes was intoxicated. He and his friends left the tavern and proceeded to cross a street when Hayes was nearly struck by an automobile. Hayes engaged in a loud altercation with the driver of the automobile, who had stopped his car. Hayes, who became angry, proceeded suddenly to his nearby car in the parking lot of the tavern. He procured from the trunk of his car a loaded automatic .22 caliber rifle, and returned to the place where he had the altercation with the driver of the car, but the car had pulled away as he arrived at the scene.

Obviously Hayes' pursuit of the driver of the car, with a loaded automatic rifle, was for no lawful purpose.

Hayes encountered two policemen who, with guns drawn, shouted at him twice to halt and to drop his gun. Hayes did not drop his gun but turned toward the officers with the automatic rifle still in his hands. One of the officers fired the fatal shot which passed through Hayes' left shoulder at the front and into his chest and spine area, resulting in his death almost instantly.

The Court in its findings concluded that the officer who fired the shot was justified in his actions "in defense of his own life and that of his fellow officer when Hayes turned toward them with a loaded rifle in a posture which in a split second could mean death or serious injury to others in immediate range." (App. 25.) What additional findings should be required?

The ruling of the Court conformed to the decision of the Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 23, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See also Wiley v. Memphis Police Dept.*, 548 F.2d 1247 (6th Cir. 1977); *Beech v. Melancon*, 465 F.2d 425 (6th Cir. 1972), *cert. denied*, 409 U.S. 1114, 93 S.Ct. 927, 34 L.Ed.2d 696 (1973); *Cunningham v. Ellington*, 323 F.Supp. 1072 (W.D. Tenn.1971).

In her complaint plaintiff had alleged that the officer shot her husband in the back but this allegation was false and untrue as was shown by the testimony of the medical examiner.

Although the possession alone of the rifle was only a misdemeanor, its use by Hayes in the pursuit of the driver of the car, and his failure to obey the lawful orders of the officers to halt and drop the gun, appear to have been more than a misdemeanor.

The two officers had the right to arrest even for a misdemeanor committed in their presence, and certainly they had the right to prevent a felony from being committed in their presence, and indeed the right to protect their own lives.

As the Court found, there was no proof offered that the actions of the officers were racially motivated.

With respect to the statement in the Order of the majority that one of the officers was involved in earlier shootings, the Order does not state, let alone establish, that any of the shootings were not justified. Certainly if the shootings involved burglars or other felons fleeing from arrest, as shown in the cases above cited, the shootings were justified under the law, as this Court has held.