**Dora HAYES, Plaintiff–Appellant,**

v.

**The MEMPHIS POLICE DEPARTMENT et al., Defendants–Appellees.**

**No. 79–1091.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1980.
Decided Nov. 26, 1980.

G. Philip Arnold, argued, Ratner, Sugarmon, Lucas & Henderson, Memphis, Tenn., for plaintiff–appellant.

Clifford D. Pierce, Jr., City Atty., Arthur J. Shea, argued, Charles Holmes, Asst. City Atty., Deputy City Atty., Memphis, Tenn., for defendants–appellees.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and PECK, Senior Circuit Judge.

EDWARDS, Chief Judge.

This is a second appeal in a disturbing case from Memphis involving the killing of a black man by a white police officer who has previously killed two other people, and in the past ten years fired at a total of five persons, four black and one white.

The facts previously before us and the reason for our remand are set out in the order of this court which follows:

"On receipt and consideration of the record on appeal in this nonjury civil damages action alleging violation of civil rights under 42 U.S.C. §§ 1981, 1983, 1985, etc., (1970) with jurisdiction founded upon 28 U.S.C. §§ 1331, 1343, etc., (1970), which was tried before a District Judge in the Western District of Tennessee; and

Noting that the District Judge has held that plaintiff–appellant's deceased husband was guilty of a misdemeanor under Tennessee law by having a .22 rifle in his hands while being drunk on a public street at 2:30 a. m. on the day in question; and that the police officer, K. S. Rooker, who shot him to death was justified in doing so as a matter of self–defense; and

Further noting that when the two police officers approached deceased and drew their service revolvers, it is undisputed that deceased was standing in the street with his back to the officers and the rifle pointed toward his feet, and that when the officers called on him to drop the rifle, that without doing so he began to turn toward them; and

Further noting that what is charged here is willful killing, in violation of the due process clause of the United States Constitution to which charge the commission of a misdemeanor is, of course, no defense; and that the deceased husband was black and both the officer who killed him and his partner were white and that appellant also claims the killing was racially motivated, in violation of the equal protection clause; and

Further recognizing that the law expects police officers to take reasonable and effective precautions for protection of their own lives and that no law requires them to allow an assailant to fire the first shot, but that in addition, no law permits the automatic use of deadly force solely because a citizen, white or black, is found committing a misdemeanor even as dangerous a one as possession of a rifle on a public street; and

Further noting that the District Judge did not make specific findings of fact on the directly disputed evidence in this record pertaining to whether or not the police officers ever identified themselves as such or whether the deceased ever pointed or began to raise the .22 rifle toward

the two police officers and that the District Judge assumed that there was some unspecified fault with Rooker's actions in this case; and

Further noting that undisputed evidence shows that this is the third person in six years (2 black and 1 white) whom defendant K. S. Rooker has killed in police action, and the fifth person in six years at whom he has fired (4 black and 1 white),

Now, therefore, the judgment of the District Court in dismissing this action is vacated and the case is remanded to the District Court for additional findings of .fact (based solely upon the present record) as to whether the police officers ever identified themselves as such before Officer Rooker fired, and whether deceased ever aimed the .22 rifle at the police officers or began to raise the muzzle in their direction."

*Hayes v. The Memphis Police Dept.*, 571 F.2d 357 (6th Cir. 1978). Judge Weick dissented.

The District Judge has now, according to our instructions, entered additional findings:

"The episode in controversy took place early, on a Sunday morning, outside a neighborhood bar or establishment known as 'Nellie's Place.' Rooker and his partner, Cantrell, were in the vicinity when they were told that a man was getting a shotgun[1] from his car and headed into the street. There was some shouting and commotion at the time and the police observed Hayes in the street with shotgun in hand and others in the immediate locale. The officers both identified themselves as they approached the scene as policemen; it was one ripe with dangerous potentiality taking into account and consideration the time, the place and the evident circumstances of persons who had been drinking and who were loud and boisterous. Twice there came the shout by Rooker: 'Police officers, drop the gun!' His partner repeated the warning as well.

These repeated warnings were ignored by Hayes; others at the scene heard the officers order him to drop his weapon. Most also heard a command for Hayes to halt. The officers' testimony was clear and essentially borne out by the other witnesses that they identified themselves and ordered Hayes to desist from his then obviously dangerous conduct. Police officers are expected, as reasonable persons charged with the ultimate responsibility of keeping the peace, to protect the public and certainly those at the scene of this unfortunate happening from what appeared an imminent risk of death or serious harm to others in Hayes' sight and reach with a loaded shotgun.

Hayes paused in response to the warnings; he began to turn toward the direction of Rooker who had his gun drawn; he then also began to raise his weapon in the direction of officer Rooker. The defendant then fired a shot and struck Hayes in the left shoulder area, which passed into his chest and spine area, killing him almost instantly. The action of Rooker was neither 'vicious' nor unreasonable, he was not expected to allow Hayes to be in a position to fire the first shot."

The findings of fact entered by the District Judge deal with the problems which occasioned remand. They do not, of course, ultimately resolve all of the questions in this difficult case but this court is not in a position to hold that either the finding concerning police warnings or the finding concerning Hayes' raising "his weapon in the direction of police officer Rooker" are clearly erroneous.

We, of course, have considered with care appellant's argument that the testimony of Dr. J. T. Francisco concerning the autopsy report conflicts with and renders clearly erroneous the finding of fact of the trial judge concerning Hayes' raising of the rifle. We recognize Dr. Francisco's testimony is consistent with appellant's argument that Hayes left upper arm was close to his body

---

1. This record indicates that the gun involved was a .22 caliber rifle.

and that it is inconsistent with officer Rooker's description at trial of Hayes' posture at the time Rooker fired. The time of night and the circumstances would, however, make exact precision in Rooker's testimony highly improbable. While we accept Dr. Francisco's findings, their logic does not serve to establish that the District Judge's finding that Hayes "began to turn" toward Rooker and "began to raise his weapon" toward him was clearly erroneous. Dr. Francisco's testimony indicates that the path of the bullet showed that Hayes, by the time Rooker fired, had turned somewhat toward the officers.

The judgment of the District Court is affirmed.