848 F.2d 188
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freda Louisa Stoops BATES, Administratrix of the Estate of
Frank Stoops, Plaintiff-Appellant,
v.
Wesley SNYDER, Jr., Defendant-Appellee.
 No. 87-5565.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1988.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BARBARA K. HACKETT, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Freda Louisa Stoops Bates (Bates), as representative of the estate of her father, Frank Stoops (Stoops), appealed from the district court's entry of summary judgment in favor of the defendant-appellee Wesley Snyder, Jr. (Snyder) in this civil rights action commenced pursuant to 42 U.S.C. Secs. 1983 and 1985. The record disclosed the following facts.
 
 
 2
 Snyder was a police officer in Cleveland, Tennessee, and on the evening of April 14, 1984, was on patrol in Cleveland in a marked police cruiser. At approximately 7:00 p.m., Snyder was dispatched to a home where reportedly there was a fight in progress involving a man armed with a revolver. When Snyder arrived at the scene, he observed a man, later to be identified as Stoops, standing in the street arguing with several other individuals who were standing on the porch of a house. When Stoops observed Snyder's arrival, he began walking down the street away from the patrol car. Two of the individuals on the porch advised Snyder that Stoops was armed and had threatened them with bodily harm. Accordingly, Snyder drove down the street and stopped his cruiser behind Stoops. Snyder then exited his vehicle and asked to talk to Stoops, whereupon Stoops placed his right hand into his front pocket. Snyder directed Stoops to remove his hand from his pocket, but when Stoops did so, he withdrew a revolver. Snyder thereupon drew his weapon, aimed it at Stoops, identified himself as a police officer, and ordered him to drop the weapon. Stoops failed to comply and instead aimed his weapon at Snyder. Snyder then fired one shot striking Stoops in the chest. Stoops stepped backward and fell against a parked automobile, and again extended his right arm in a apparent attempt to fire his weapon at Snyder. Snyder then fired one additional shot at Stoops killing him.
 
 
 3
 Bates commenced a civil rights action alleging that Snyder deprived Stoops of his rights under Secs. 1983 and 1985 on April 5, 1985, which action was voluntarily dismissed before trial on September 24, 1985. Bates thereafter commenced the present action on August 8, 1986, and Snyder moved for summary judgment on December 3, 1986, asserting both the applicable statute of limitations and the facts and circumstances of the incident as developed in his deposition testimony. On February 5, 1987, the district court ruled that the action was barred by the applicable one-year statute of limitations. On February 17, 1987, the court, upon Bates' motion, reinstated the case as timely under the Tennessee saving statute, Tenn. Code Sec. 28-1-105, which provides that an action may be recommenced within one year of a dismissal, other than on the merits, of another action concerning the same matter. The court directed Bates to submit additional evidence in support of her substantive claim within 30 days to avoid entry of summary judgment in Snyder's favor. Bates then submitted the affidavit of R.M. Woody (Woody), a resident of the neighborhood in which Stoops was killed. Woody's affidavit provided in full:
 
 
 4
 On April 14, 1984, I was sitting in my living room and heard a shot. I turned and saw Frank Stoops falling. I do not see how there could have been any cause for shooting him because he would have had to have turned to his right to have shot.
 
 
 5
 There was nothing in his hand, his left arm was down and his right arm was over the top of the car. There was no justification whatsoever from what I saw.
 
 
 6
 I thought that with Frank Stoops being there right at the car, that someone in the car shot him. His back was to me.
 
 
 7
 When I noticed the Police car it was at the northwest corner of my house about 15 or so steps away from Mr. Stoops.
 
 
 8
 The district court concluded that Woody's affidavit failed to disclose the existence of a genuine issue of material fact and entered summary judgment in Snyder's favor. Bates thereafter commenced this timely appeal.
 
 
 9
 The district court having granted summary judgment, this court must determine whether the existence of a genuine issue of material fact precluded summary judgment. Fitzke v. Shappell, 468 F.2d 1072, 1079 (6th Cir.1972).
 
 
 10
 [I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. * * * [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.
 
 
 11
 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). See also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has submitted evidence which would entitle him to summary judgment, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact in order to prevent summary judgment. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 12
 Bates failed to meet her burden. "[T]he law expects police officers to take reasonable and effective precautions for protection of their own lives and no law requires them to allow an assailant to fire the first shot." Hayes v. Memphis Police Dep't. 634 F.2d 350, 351 (6th Cir.1980) (quoting Hayes v. Memphis Police Dep't, 571 F.2d 357, 358 (6th Cir.1978) ). Snyder's testimony established that he took only such actions as he reasonably believed necessary to protect his own life. Woody's affidavit did not contradict Snyder's testimony and indicated the he was not an eyewitness to the incident as he stated that he had observed nothing until after the shooting when he saw Stoops fall to the ground. Accordingly, Bates failed to establish the existence of a genuine issue of material fact, and the district court properly entered summary judgment in Snyder's favor.[1] The judgment of the district court is, therefore, hereby AFFIRMED.
 
 
 
 *
 Hon. Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 At oral argument, counsel for Bates averred that additional evidence existed to support Bates' claims. This evidence was not, however, submitted to the district court within 30 days as allotted by the court's February 17, 1987 order reinstating her case. To have avoided summary judgment, Bates was required to have presented this evidence to the district court. Fed.R.Civ.P. 56(e). See also Celotex Corp., 106 S.Ct. at 2553-54