Roy D. Reed, Petitioner,

*v.*

Maryland National Insurance Company, Respondent.

439 S.W.2d 256.

(*Knoxville*, September Term, 1968.)

Opinion filed March 7, 1969.

Ralph H. Noe, Jr., Morristown, for petitioner.

H. H. McCampbell, Jr., Knoxville, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by grant of the writ of certiorari. In the caption hereof the parties are shown as they appeared in the trial court. The case and issues made arose from the following facts:

Paul Blankenbecler is a licensed insurance agent for Maryland National Insurance Company, operating under the name of P & L Insurance Agency of Knoxville, Tennessee. Blankenbecler was authorized to solicit and accept what is known as substandard automobile policies and in furtherance of same had contacted the Bob Snider Insurance Agency of Morristown, Tennessee. Snider is a licensed insurance agent, but is not an agent of Maryland National Insurance Company. In soliciting these policies

Blankenbecler left with Snider instructions and a pamphlet designated on the cover as "Special Risk Manual," which, pertinent to the issue here, contained the following language:

Coverage obtained only by application (no binding authority). If risk is acceptable, will be bound as of post mark on letter forwarding completed application along with payment.

Blankenbecler also left with Snider forms to be filled out and signed by one desiring such insurance, which form required the name and address of the applicant, type of insurance, type of vehicle, and other pertinent information. The form is headed with the name "P & L Insurance Agency" and its address. At the top of the form in large letters is the following: "SPECIAL RISK APPLICATION FOR AUTOMOBILE INSURANCE."

On December 24, 1965, at about 1:00 o'clock, P.M., Roy D. Reed went to Bob Snider Insurance Agency to obtain an insurance policy on his automobile. Snider had Reed complete and sign the form left by Blankenbecler and received from Reed the premium due. Snider informed Reed his automobile was covered from that moment and mailed the completed form and premium to Blankenbecler in Knoxville on the same date. Blankenbecler received this completed form with premium and issued a Maryland National Insurance policy, covering Reed's automobile with a policy beginning December 28, 1965, this being the post-marked date, in accordance with the manual instructions.

On December 24, 1965, at about 3:00 o'clock P.M. Reed's automobile was involved in an accident out of which he has suffered a loss. This loss would be covered

by the Maryland National Insurance Company policy if such policy was in force at the time of the accident. The sole issue in this case is whether such policy was in force at the time of the accident.

There is only one fact in dispute. Snider testified notwithstanding instructions contained in the Special Risk Manual in regard to date of binding coverage, of which he admitted knowledge, Blankenbecler orally informed him binding coverage would attach upon completion of the proper form and the payment of the premium. Blankenbecler denied making this alleged statement to Snider and stated that he had told Snider binding coverage would be in effect in accord with the instructions in the Special Risk Manual.

This case was heard by the trial judge without a jury, and pursuant to T.C.A. sec. 20-1321 he filed a findings of fact and conclusions thereon. The trial judge accepted the testimony of Snider on the point in dispute and entered a judgment in favor of Reed against Maryland National Insurance Company. Upon appeal the Court of Appeals states the crucial question of the case in the following language:

Was the insurance here involved, and filed as plaintiff's Exhibit #3 to Reed, effective by oral binder or otherwise, prior to December 28, 1965?

The Court of Appeals gave its answer to this question in the following language:

We think not because under all the oral proof and exhibits Bob Snider had no authority to bind Maryland to the contract prior to that date, which defendant

proved was the date as provided by the "Special Risk Insurance Manual," Exhibit 6 to Bob Snider.

The Court of Appeals reversed the judgment of the trial judge and remanded the cause for a new trial. Petition for certiorari was filed in this case by both parties.

Maryland National Insurance Company by its pleadings raised the issue that Blankenbecler as its agent had no authority to authorize Snider, acting as an insurance broker, to bind coverage upon payment of premium and completion of the necessary form. Under the record before us we think the case is controlled by decision on this point.

There is no claim Blankenbecler had actual authority, but it is insisted that he had apparent authority. The issue of apparent authority of an agent is based upon the same elements as the authority created by estoppel of the principals to deny the agent's authority. *Umstattd v. Metropolitan Life Insurance Co.*, 21 Tenn.App. 312, 110 S.W.2d 342 (1937).

We find no facts to support estoppel against Maryland National Insurance Company. The only direct evidence on this point is by the testimony of Blankenbecler, who stated the only authority he had on binding coverage was in accord with instructions in the Special Risk Manual. It is shown Snider had previously forwarded to Blankenbecler several applications similar to the one in the case at bar, but it is not shown that any of these were handled other than in accord with instructions contained in the Special Risk Manual. There is no evidence of custom or usage on the issue here.

We agree with the action of the Court of Appeals in reversing the judgment of the trial judge. We see no

reason why the case should be remanded for a new trial, and this action by the Court of Appeals is reversed and the case dismissed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.