William L. LANCASTER, III, Trustee
in Bankruptcy,

v.

Charlie J. KEY and Bobbie L. Key.

No. 2–82–64.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Oct. 27, 1982.

Ferdinand Powell, Jr., Johnson City, Tenn., for plaintiff.

Herbert R. Silvers, Jerry W. Laughlin, Greeneville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, Chief District Judge.

This is an appeal from a decision of the Bankruptcy Court pursuant to Rule 801, Fed.R.Bankr.P. It held that the trustee in bankruptcy had rights superior to appellants, Charlie and Robbie Key, in certain real property in Greene County, Tennessee.

The relevant facts are not in dispute. Appellants are husband and wife. On July 28, 1979 they signed a contract to purchase a house and lot in Greene County for $67,-000. The house was then owned by the debtors in bankruptcy. Appellants made a down payment of $25,000 on July 28. On August 17, 1979 appellants received a duly executed warranty deed from the debtors and paid the $42,000 balance to the realty agent.

Appellants have lived at the residence since August 22, 1979. They failed to record the deed, however, until August 29, 1980. This was after learning that the debtors had filed a Chapter 7 petition in bankruptcy on July 7, 1980.

The Bankruptcy Court held that the trustee has superior rights in the property because he stands in the shoes of a judicial lien creditor pursuant to section 544 of the Bankruptcy Code. 11 U.S.C. § 544(a) provides in pertinent part as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Tenn.Code Ann. §§ 66–24–101(4) and 66–24–103 provide that all deeds conveying land may be registered in the Register's Office in the county where the land is located. Tenn.Code Ann. § 66–26–103 sets forth the effect of not registering a deed. It provides:

Unregistered instruments void as to creditors and bona fide purchasers.—Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice.

■ Facially, the Bankruptcy Act and the Tennessee Recording statute purport to void all unregistered deeds as against a trustee in bankruptcy. We do not read the trustee's powers so broadly, however. Only property interests owned by the bankrupt are his property and vest in the trustee. In *Pearlman v. Reliance Insurance Co.,* the Supreme Court set forth the parameters of the trustee's authority. 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed. 190 (1962).

The Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors ... property rights existing before bankruptcy in persons other than the bankrupt must be recognized and respected in bankruptcy.

*Id.* at 135–136, 83 S.Ct. at 234–235.

In *Leech v. Hillsman,* the Tennessee Supreme Court analyzed the rights of an execution creditor in property apparently owned by the debtor. 76 Tenn. 747 (1882). In *Leech,* the owner conveyed property by absolute deed to the debtor. The parties intended the deed to be a mortgage, however. The owner remained in possession. A creditor of the debtor, having execution, levied on the land and sold it. The court held that the original owner had rights superior to the creditor. The court stated:

A creditor who purchases his debtor's property of necessity, takes but what the debtor himself has. If he have the whole property he gets it—if only a qualified property or title, his creditor must take it as he finds it—and so appropriate it...

The conveyor, as in this case, being in possession as before, would preclude even a party paying his money for the land from sustaining the position of an innocent purchaser. It would be notice to him of an occupation of the land, and it would be his duty to inquire as to the nature of his possession, and in such case, would always take subject to whatever right the party in possession might be able to establish. This being so, it is beyond all dispute, a creditor with an execution, who stands on his legal rights, and is entitled to appropriate the legal rights of property of his debtor, cannot occupy a higher position than such a purchaser, the purchaser being always the more favored by our law.

As to the policy of the registration laws we need but say, that these laws themselves are but regulations adopted to subserve a public policy; . . . as to the equities of the parties, they are clearly in favor of the complainant.

*Id.* at 750–752.

The rights of the trustee in this case can be no greater than the debtor's rights in the property. We must conclude that the debtor had no interest in the property under the analysis in *Leech* or under the doctrine of resulting trusts. The policy of the registration laws is not to the contrary.

 In Tennessee, if a grantee pays the purchase price for real property, yet fails to record the instrument of conveyance, a resulting trust arises in his favor. *Russell v. Stinsen,* 4 Tenn. 1 (1816). The record title holder, as trustee, may only transfer the equitable interest that he retains in the property to a third party. The third party purchasor or creditor takes the property subject to the trust and without regard to the registration laws of Tennessee. *Leech v. Hillsman,* 76 Tenn. 747 (1882); *Evans v. Belmont Land Co.,* 92 Tenn. 348, 21 S.W. 670 (1893).

 The facts clearly establish that the debtors in this case retained no more than the power to convey apparent title to another. All consideration had been paid and appellants were in open possession of the property on the date the debtors filed their bankruptcy petition. Appellants' resulting trust would therefore defeat any rights of a subsequent purchaser or a judicial lien creditor, holding an execution returned unsatisfied at the commencement of the bankruptcy case. 11 U.S.C. § 544(a)(2); *see In re Smith,* 348 F.Supp. 1290 (E.D.Va.1972).

In *Smith,* a mother conveyed a house and lot in Virginia to her daughter, the bankrupt, in 1965. *Id.* The mother continued to live in the house and was living there when the bankruptcy case commenced several years later. The trustee sought to bring the home into the bankruptcy estate pursuant to the "strong arm" provisions of the Bankruptcy Act of 1898, § 70(c). The District Court held that the bankruptcy trustee could not defeat the mother's equitable interest in the house if she was the beneficiary of a resulting trust. *Id.* The Court remanded for a determination of whether a trust was, in fact, intended. *Id.* at 1295.

The Virginia recording statute, Va.Code Ann. § 55–96 (1969), is almost identical to Tenn.Code Ann. § 66–26–103, providing that unrecorded deeds are void as to all lien creditors. We think that the Tennessee exception for resulting trusts also controls the instant case. Remand is not necessary, however, since a resulting trust clearly does exist in favor of appellants. *See Russell v. Stinsen,* 4 Tenn. 1. The trustee's "ideal lien" therefore cannot attach to appellants' equitable interest.

The prior unreported decision of this Court in *In re Sweat* is not to the contrary. Bankr. No. 4660 (E.D.Tenn.1930). Judge George Taylor there held, "the trustee succeeding at least to the rights of judgment creditors armed with execution returned unsatisfied may reach whatever equity the bankrupt had in the property when the petition was filed." *Id.* Judge Taylor did not appear to consider whether receipt of the full purchase price deprived the seller of all equity in the property. As previously stated, this principle is controlling.

Accordingly, it is ORDERED that the judgment of the Bankruptcy Court be, and the same hereby is, reversed. It is further ORDERED that the deed dated August , 1979, executed and delivered by debtors, Joe Bob Easterly and his wife, Edna Helen Easterly, to appellants, Charlie J. Key and wife, Bobbie L. Key, and of record on August 29, 1980, in the Register's Office for Greene County, Tennessee, in Deed Book 360, page 197, which purports to convey from the debtors to appellants the following described property:

> SITUATE in the 10th Civil District of Greene County, Tennessee, and being Lot No. 11 of Hickory Hill Estates, as shown on Plat Book 11, page 64, in the Register's Office for Greene County, Tennessee, and being more particularly described as follows:

BEGINNING at Tee Bar on the North side of Briarwood Drive and corner to Lot No. 10; thence with the line of Lot No. 10, North 15 deg. 42 min. 15 sec. East 155.0 feet to a Tee-Bar; thence South 74 deg. 17 min. 56 sec. East 110.0 feet to a Tee-Bar and corner to Lot No. 12; thence with the line of Lot No. 12 South 15 deg. 42 min. 15 sec. West 155.0 feet to a Tee-Bar in the North side of Briarwood Drive North 74 deg. 17 min. 45 sec. West 110.0 feet to the beginning.

And being the same property conveyed to the debtors, Joe Bob Easterly and wife, Edna Helen Easterly, by Jack Hammitt and wife, Frances Hammitt, by deed dated January 5, 1979 of record in the Register's Office for Greene County, Tennessee, in Deed Book 349, Page 801,

be, and the same hereby is, declared to be of full force and effect as against the plaintiff, William L. Lancaster, III, Bankruptcy Trustee in this case.

It is further ORDERED that appellee has no right, title, interest or estate in the land described in this deed.

Order Accordingly.