**INTERSPAREX LEDDIN KG,**
**Plaintiff/Appellee,**

v.

**Sahib AL–HADDAD and Sharon K.T. Al–Haddad, Defendants,**

**Mansorah Hassan Ismail,**
**Intervenor/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 23, 1992.

Application for Permission to Appeal Denied by Supreme Court March 1, 1993.

[redacted]

Guy B. Humphries, Waldbaum, Corn, Koff & Berger, Denver, CO, Ronald E. Miles, Blackburn, Little, Smith & Slobey, Nashville, for plaintiff/appellee.

Harlan Dodson, III, Dodson, Parker & Behm, Nashville, for intervenor/appellant.

OPINION

LEWIS, Judge.

This is an appeal by Mansorah Hassan Ismail, intervening plaintiff (intervenor), from the trial court's dismissal of her intervening complaint after finding that the portion of the intervening complaint relating to plaintiff, Intersparex Leddin KG (Intersparex), failed to state a claim upon which relief can be granted.

This case began on 27 October 1978 when the Intervenor executed a general power of attorney to her son, Sahib Al Haddad. The general power of attorney

gave Mr. Al–Haddad the right to convey any property in the Intervenor's name upon such terms as Mr. Al–Haddad thought proper. On 1 November 1978, the Intervenor purchased property at 2220 East Main Street, Murfreesboro, Tennessee (the Property) from Richard and Alice Douglas. The affidavit of consideration in the deed was executed by Mr. Al–Haddad.

On 1 March 1982, pursuant to the terms of the power of attorney, Mr. Al–Haddad, as attorney, quitclaimed the property to himself. On 5 October 1988, a judgment was entered in a case against Mr. Al–Haddad and in favor of plaintiff Intersparex in the sum of $386,685.00, plus ten (10%) percent interest from 28 June 1978. So far as the record shows the Intervenor was not involved in this lawsuit in any way. Intersparex recorded its judgment in Rutherford County, Tennessee on 3 March 1989, and, on 6 June 1989, Intersparex filed a complaint and attachment to enforce its judgment.

Both defendants Sharon K.T. Al–Haddad and Sahib Al–Haddad were named as defendants since Mr. Al–Haddad had quitclaimed his interest in the property to Sharon Al–Haddad, on 30 March 1989, subsequent to Intersparex recording its judgment lien.

The Intervenor's subsequent intervening complaint[1] does not make any allegation that Intersparex knew or had reason to know of Ismail's claim that the 1982 conveyance was unauthorized. The intervening complaint does not in any wise question the legitimacy of Intersparex's claim against Mr. Al–Haddad.

The power of attorney executed by the Intervenor gave very broad authority to Mr. Al–Haddad to manage and conduct his mother's, the Intervenor's, affairs. Specifically, it gave Mr. Al–Haddad the following authority:

> To buy, receive, lease, accept, or otherwise acquire; to sell, convey, mortgage, hypothecate, pledge, quitclaim or otherwise encumber or dispose of; or to contract or agree for the acquisition, disposal or encumbrance of any property whatsoever or in any custody, possession, interest, or right therein, upon such terms as my said attorney shall think proper.

This gave virtually unlimited authority to Mr. Al–Haddad to convey any property in his mother's name upon any terms Mr. Al–Haddad thought proper. The 1 March 1982 conveyance from the Intervenor to Mr. Al–Haddad was made pursuant to the power of attorney and was within the scope of the terms of the power of attorney.

■ The Intervenor is bound by the acts of her agent. The Intervenor is bound by the acts of Mr. Al–Haddad within the scope of his apparent or ostensible authority. *Rich Printing Co. v. Estate of McKellar*, 46 Tenn.App. 444, 330 S.W.2d 361, 376 (1959). *See also O'Shea v. First Federal Savings & Loan*, 218 Tenn. 619, 405 S.W.2d 180, 183 (1966); *Tosco v. FDIC*, 723 F.2d 1242, 1248 (6th Cir.1983).

■ The power of attorney in the instant case gave Mr. Al–Haddad both apparent and ostensible authority to make the 1982 conveyance. Apparent authority of an agent is such authority as the principal knowingly permits the agent to assume or which the principal holds the agent out as possessing. *Rich Printing Co.*, 330 S.W.2d at 376. Mr. Al–Haddad had apparent authority to make the 1982 conveyance on behalf of the Intervenor by the plain language of the power of attorney. Ostensible authority is such authority as a principal intentionally or by lack of ordinary care causes or allows a third person to believe the agent possesses. It is essential to ostensible authority that the principal hold the agent out to the public as possessing sufficient authority to embrace the particular act in question when the agent does not actually have such authority, or allows the agent to exercise such authority even though not actually granted, and the person dealing with the agent, acting in good faith, believed or had reason to believe the

**1.** The Intervenor filed a motion to intervene on 27 September 1990, which was granted by order of the Rutherford County Chancery Court on 28 November 1990. Her complaint was filed on 4 January 1991.

agent had the necessary authority. *Id.* Mr. Al–Haddad had ostensible authority because any innocent third person who read the recorded power of attorney would believe the Intervenor had given Mr. Al–Haddad, her son, the authority to make the 1982 conveyance.

Apparent authority of an agent must be determined by the acts of the principal. *Durham v. Waddell & Reed, Inc.,* 723 S.W.2d 129, 130 (Tenn.App.1986). Here, the Intervenor's act of giving her son the power of attorney cloaked him with apparent authority to make the 1982 conveyance.

When an agent acts within the scope of his apparent or ostensible authority, the principal cannot prevail against a third party unless it shows that the third party knew or had reason to believe the agent did not have the claimed authority. *See V.L. Nicholson Co. v. Transcon Inv.,* 595 S.W.2d 474, 483 (Tenn.1980); *Jones v. First Equity Corp. of Florida,* 607 F.Supp. 350, 352 (E.D.Tenn.1985).

■ Here, the intervening complaint does not make any allegations that Intersparex knew or had reason to believe the agent did not have the claimed authority. Instead, the Intervenor avers in her intervening complaint that she had no knowledge of any facts relating to the Intersparex lien. The intervening complaint, by failing to allege that Intersparex had knowledge or reason to believe that Mr. Al–Haddad did not have the authority to make the 1982 conveyance to himself on behalf of the Intervenor, fails as a matter of law to state a claim that would establish a right of Intervenor to the property superior to Intersparex's lien.

While the legal elements are the same, Tennessee case law sometimes has alternatively expressed the holding that a principal is bound by the acts of the agent within the scope of his apparent authority "and that the principal is estopped from denying the agent's authority." *Reed v. Maryland National Ins. Co.,* 222 Tenn. 579, 439 S.W.2d 256, 257 (1969).

In *Adams v. Duncan Transfer & Storage,* 757 S.W.2d 336, 339 (Tenn.App.1988), it was held that even though an agent

might have acted outside the scope of his authority, the principal was estopped to assert this lack of authority because the agent was acting within the scope of his apparent authority in dealing with an innocent third party. *See also Nashville Trust Co. v. Southern Buyers, Inc.,* 40 Tenn. App. 11, 288 S.W.2d 469, 472 (1956).

Intersparex's motion to dismiss the intervening complaint alleged that Intersparex was an innocent third party without any notice of the Intervenor's claim that her son had breached his fiduciary duty. Intersparex further alleged that the intervening complaint did not allege that Intersparex had any knowledge of Mr. Al–Haddad's alleged lack of authority. The Intervenor, while she could have under Tennessee Rule of Civil Procedure 11, amended her complaint under Tennessee Rule of Civil Procedure 15 to allege such facts or submitted an affidavit showing the factual dispute on this issue, failed to do so but, instead, rested on the allegations of the intervening complaint.

■ The Intervenor's argument that the 1982 conveyance is void because the power of attorney was not recorded on the date of the conveyance is without merit. Tennessee Code Annotated Section 66–26–101 provides that a power of attorney is effective between the parties even if it is not recorded before the conveyance. The Intervenor's reliance on *Von Wedel v. McGrath,* 180 F.2d 716 (3rd Cir.1950), is without merit. *Von Wedel* did not involve the issue of the rights of an innocent third party against the principal when the principal had given her agent the apparent and ostensible authority to make the Conveyance. *Von Wedel* did not address the issue of an agent's apparent and/or ostensible authority. 180 F.2d 716, 719. The Intervenor gave her son the authority to make the 1982 conveyance in her name. The intervening complaint does not make any allegations that Intersparex knew or had reason to know of her claim that the conveyance was beyond the scope of the authority she granted to her son. The intervening complaint fails to state a cause of action

against Intersparex, and the trial court properly dismissed the complaint.

◼ We are also of the opinion that the intervening complaint fails to state a claim which would impose a constructive trust against Intersparex. The intervening complaint does not set forth facts which are sufficient to establish a constructive trust against Intersparex's interest in the property. The intervening allegation is devoid of any allegation of fraud or other culpable conduct by Intersparex. Tennessee has imposed constructive trusts in four types of cases. They are: 1) where a person procures the legal title to property in violation of some duty, express or implied, to the true owner; 2) where the title to property is obtained by fraud, duress or other inequitable means; 3) where a person makes use of some relation of influence or confidence to obtain the legal title upon more advantageous terms than could otherwise have been obtained; and 4) where a person acquires property with notice that another is entitled to its benefits. *Gibson's Suits in Chancery* § 383 (7 ed. 1988). *See also Browder v. Hite,* 602 S.W.2d 489, 492 (Tenn.App.1980). The Intervenor failed to allege any factual scenario upon which a constructive trust could be imposed.

◼ A constructive trust cannot be imposed against a party who receives property in good faith and without notice of an adverse claim. *Continental Grain Co. v. First National Bank of Memphis,* 162 F.Supp. 814, 833 (W.D.Tenn.1958). A constructive trust may only be imposed against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment or questionable means, has obtained an interest in property which he ought not in equity or in good conscience retain. *Livesay v. Keaton,* 611 S.W.2d 581, 584 (Tenn.App.1980). *See also Sanders v. Forcum–Lannom, Inc.,* 225 Tenn. 637, 475 S.W.2d 172, 174 (1972). Here, the intervening complaint does not allege any such conduct by Intersparex and, as a matter of law, it fails to allege facts sufficient to impose a constructive trust against Intersparex.

◼ The case relied upon by the Intervenor in her brief, *Lancaster v. Key,* 24 B.R. 897 (E.D.Tenn.1982), involved a resulting trust. A resulting trust is one in which the law presumes the trust to be intended by the parties from the nature and character of their transaction. *See Burleson v. McCrary,* 753 S.W.2d 349, 352–53 (Tenn. 1988). Here, neither the intervening complaint nor the Intervenor's brief alleged that a trust was intended in any transaction. The cases relied on by the Intervenor are inapposite to the facts of this case. We are also of the opinion that the cases of *Akers v. Gillentine,* 191 Tenn. 35, 231 S.W.2d 369 (1948); *Central Bus Lines v. Hamilton Nat'l Bank,* 34 Tenn.App. 480, 239 S.W.2d 583 (1951); and *Covert v. Nashville C. & St. L. Ry.,* 186 Tenn. 142, 208 S.W.2d 1008 (1948), are not supportive of the Intervenor's position. *Akers v. Gillentine* involved the imposition of a constructive trust against a party who had actual knowledge of a guardian's misappropriation of certain assets. *Central Bus Lines v. Hamilton Nat'l Bank* is a case where a constructive trust was imposed against corporate officers who had taken advantage of a corporate opportunity. This violation of their fiduciary duties was the basis for the imposition of the constructive trust. 239 S.W.2d at 585. We are of the opinion that *Covert v. Nashville,* relied upon by the Intervenor, more strongly supports Intersparex's position than the Intervenor's. The court in *Covert* restated the general proposition that a constructive trust is only imposed against one who obtains property by fraud or some other wrongful act. 208 S.W.2d at 1012. The court affirmed the Chancellor's refusal to impose a constructive trust because plaintiff had not established the necessary fraud, abuse of fiduciary position, or the gaining of an inequitable advantage necessary to establish a constructive trust. *Id.* Therefore, a constructive trust was not imposed in *Covert* for the same reason that the trial court in this case dismissed the intervening complaint.

Here, the intervening complaint makes no allegation of any fraud or other culpable act by Intersparex that makes Intersparex' lien inequitable and justifies the imposition of a constructive trust. There is no allegation of any wrongdoing by anyone against Intersparex. There is nothing in the intervening complaint which alleges that Intersparex had any knowledge that defendant Mr. Al–Haddad was acting beyond the scope of his authority.

The trial court properly dismissed the intervening complaint. The judgment of the trial court is therefore affirmed with costs assessed to the Intervenor and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.