# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

June 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

BRUCE A. SIMPSON,                    )
                                     )
      Plaintiff/Appellant,          )
                                     )   Appeal No.
                                     )   01-A-01-9809-CV-00493
VS.                                  )
                                     )   Davidson Circuit
                                     )   No.  96C-1496
BICENTENNIAL VOLUNTEERS, INC.,       )
PARTNERS FOR ENVIRONMENTAL           )
SOLUTIONS, INC., INNOVATIVE          )
TECHNIQUES, L.L.C.,                  )
                                     )
      Defendants/Appellees.         )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

MICHAEL M. CASTELLARIN
95 White Bridge Road, Suite 509
Nashville, Tennessee 37205
      Attorney for Plaintiff/Appellant

JANET L. HOGAN
620 W. Hill Avenue
Knoxville, Tennessee 37902
      Attorney for Defendant/Appellee Bicentennial Volunteers, Inc.

JOSEPH P. RUSNAK
315 Deaderick Street
Nashville, Tennessee 37238
      Attorney for Defendant/Appellee Partners for
      Environmental Solutions, Inc.

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

This is an action for payment of the costs of renovating a truck and trailer to be used as a mobile solid waste exhibit. The plaintiff sued the parties involved in developing the exhibit on the basis of contract and quantum meruit and sought to enforce the liens provided by Tenn. Code Ann. § 66-19-101 and Tenn. Code Ann. § 66-19-103. The Circuit Court of Davidson County granted summary judgment to the owner of the truck and trailer and certified the dismissal as a final judgment under Rule 54.02, Tenn. R. Civ. Proc. Because we find there are factual disputes affecting the quantum meruit claim against the owner, we reverse and remand for a consideration of the merits on this theory.

## I.

In June of 1995, Bicentennial Volunteers, Inc. (BVI) and Partners for Environmental Solutions, Inc. (PES) agreed to "cooperate in constructing a second solid waste mobile exhibit, and maintaining and operating both units." The agreement provided that BVI would furnish a truck and trailer and PES would design and construct the exhibit. After the exhibit was completed, BVI would arrange for maintenance and operation while PES would schedule the exhibit and arrange funding for operating and maintenance costs. At the end of the project the truck and trailer and all installed equipment, except exhibit materials, would revert to BVI.

PES contracted with Innovative Techniques, L.L.C. to construct the exhibit. Due to a shortage of space and the pressure to complete the exhibit in a timely fashion, Innovative Techniques, L.L.C. contracted with Bruce Simpson to do a major part of the work for a contract price of $40,005. Mr. Simpson performed the work at his own shop, and he has an $18,245 outstanding balance on his bill.

## II.

Mr. Simpson sued BVI, PES, and Innovative Techniques, L.L.C. on the theories of contract and unjust enrichment, and asserted a lien against the truck and trailer. The trial judge granted summary judgment to BVI.

To merit summary judgment, the moving party has the burden of showing that no genuine issue of fact exists and that the movant is entitled to judgment as a matter of law. Tenn. R. Civ. Proc. 56.03; *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). In this case there are very few facts in dispute; and the facts that are in dispute relate to the relationship between BVI and PES. In order to sustain his contract theory, Mr. Simpson asserts that BVI and PES were engaged in a joint venture or that PES was BVI's agent when PES contracted for the work to be done on the truck. In either case BVI arguably would be bound by the terms of the contract. *See Williamson Leasing Co. v. Kephart*, 627 S.W.2d 683 (Tenn. App. 1981) and *Intersparex Leddin KG v. Al-Haddad*, 852 S.W.2d 245 (Tenn. App. 1992). In all of this, it seems to us, Mr. Simpson concedes that BVI did not contract with him directly.

The missing link on the contract theory, however, is any evidence from which a finder of fact could conclude that PES contracted with Mr. Simpson. Mr. Simpson himself says that he did the work for Innovative Techniques, L.L.C.. The other affidavits in the record all deny that PES had a contract with Mr. Simpson. Therefore, BVI was entitled to summary judgment on the contract theory.

### III.

The unjust enrichment issue is not so simple. A claim for unjust enrichment in Tennessee rests, in part, on the fact that the parties did not have an enforceable contract. *Castelli v. Lien*, 910 S.W.2d 420 (Tenn. App. 1995). The other elements are: (1) the furnishing of goods or services, (2) to the party to be charged, (3) under circumstances showing that the parties should have reasonably understood that the provider expected to be paid, and (4) under circumstances showing it would be unjust for the benefitted party to retain the benefit without paying for it. *CPB*

*Management, Inc. v. Everly*, 939 S.W.2d 78, 81 (Tenn. App. 1996). The amount of the recovery is the value of the benefit conferred, not the cost to the furnisher. *Bauman v. Smith*, 499 S.W.2d 935 (Tenn. App. 1972).

We think that whether BVI received a benefit from Mr. Simpson's service is a question of fact. The truck and trailer belonged to BVI. Mr. Simpson worked on BVI's property. Mr. Simpson states that there was a benefit to BVI (although he states it in terms of his unpaid contract price), and the contract with PES provides that at the end of the project all the installed equipment -- except the exhibit materials -- would revert to BVI. BVI's proof says it received no benefit whatever. We think that presents a classic factual dispute. Therefore, BVI was not entitled to summary judgment on the unjust enrichment claim.

## IV.

The two statutory liens provide protection for persons who work on vehicles, but the conditions precedent in the statutes are different. Tenn. Code Ann. § 66-19-101 provides:

> There shall be a lien upon any type of conveyance used in the transportation of persons or merchandise either by land or by water or through the air, propelled by any sort of power, for any repairs or improvements made or parts or fixtures furnished at the request of the owner, or the owner's agent, in favor of the mechanic, contractor, founder, or machinist who makes on any such vehicle mentioned any repairs or puts thereon any improvements, fixtures, machinery, or materials; provided, the lien herein created shall not extend to, nor shall the provisions of this section and § 66-19-102 be construed as in any way affecting the right and title acquired by a purchaser without notice.

In contrast, Tenn. Code Ann. § 66-19-103 provides a lien for garagekeepers:

> (a)    Garagekeepers or establishments substantially in the business of towing vehicles for hire, pursuant to the provisions of title 55, chapter 16, hereinafter referred to as "towing firms" shall be entitled to a lien upon all vehicles, which lawfully come into their

- 4 -

possession and are retained in their possession until all reasonable charges due are paid. . . .

The lien in Tenn. Code Ann. § 66-19-101 -- called the "statutory" lien -- remains on the vehicle whether the repairman retains possession or not. *Gem Motor Co. v. Securities Inv. Co.*, 65 S.W.2d 590 (Tenn. App. 1933). But it requires that the work be done "at the request of the owner, or the owners' agent." We think that means that the owner or the owner's agent must request the work from the person asserting the lien.

The so-called "common law lien" described in Tenn. Code Ann. § 66-19-103, exists only so long as the garagekeeper retains possession. *Forrest Cate Ford, Inc. v. Fryar*, 465 S.W.2d 882 (Tenn. App. 1970). By its terms it does not require that the work be done at the request of the owner or the owner's agent.

Both statutes pose problems for Mr. Simpson. He no longer has possession of the vehicle, and we have previously held that there is no proof that the work he did was at BVI's request or at the request of BVI's agent. Therefore, neither lien exists in favor of Mr. Simpson.

The summary judgment in favor of BVI on the unjust enrichment claim is reversed. In all other respects it is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings. Tax the costs on appeal equally to BVI and Mr. Simpson.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE

- 5 -

_____
PATRICIA J. COTTRELL, JUDGE